L. F. NICKEY, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 19, 1889.

| | |
|---|---|
| 35 | 79 |
| 38 | 424 |
| 35 | 79 |
| 40 | 36 |
| 35 | 79 |
| 51 | 673 |
| 35 | 79 |
| 57 | 363 |
| 35 | 79 |
| 68 | 265 |
| 35 | 79 |
| 102 | ³375 |

1. **Common Carrier**: NEGLIGENCE : SPECIAL CONTRACT. A common carrier cannot, by special contract with a shipper, relieve himself of liability for negligence in the transportation, resulting in loss to the shipper.

2. **Common Carrier**: NEGLIGENCE. Where a common carrier surrenders mules in transportation to a person, who exhibits only a telegram from a sheriff, directing him to seize the mules under a writ of attachment, alleged to be in the sheriff's hands, the carrier will be liable to the shipper in damages, for negligence, whether there be a contract in limitation of such a liability, or not. And the liability will not be released by the subsequent appearance of the sheriff and his actual levy of the attachment on the mules.

3. **Common Carrier**: EVIDENCE : LIMITATION OF LIABILITY. A contract between a shipper and a carrier, limiting the amount of the carrier's liability in the event of loss or injury, is not admissible in evidence for the purpose expressed, when the loss or injury was caused by the negligence of the carrier.

4. **Evidence**: ATTACHMENT PAPERS. There was no error in the court's refusal to admit in evidence the attachment papers under which the mules were levied on after their surrender to the person who claimed them by virtue of a telegram.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*George H. Benton*, for the appellant.

Carriers may limit their responsibility as common carriers by contract with shippers, and the court erred in excluding the special contract introduced in evidence in this case and signed by the plaintiff. Hutchinson on Carriers, sec. 240 ; *McMillan v. Railroad*, 16 Mich. 79 ; *Squire v. Railroad*, 98 Mass. 239 ; *Long v. Railroad*, 50 N. Y. 76 ; *McIlny v. Buckner*, 35 Ark. 555 ; *Railroad v. Weakley*, 8 S. W. Rep. 134 ; *McFadden v. Railroad*, 92 Mo. 344. The court erred in refusing to permit the evidence of the attachment suit against Nickey and the files and records of the court in that case to be submitted to the jury, for they tended to show a delivery of the property, shipped into the custody and under process of the law. Hutchinson on Carriers, sec. 402. The court erred in the instructions given to the jury. *Hawly v. Railroad*, 74 Mo. 538 ; *Hunt v. Railroad*, 112 U. S. 538 ; *Brown v. Railroad*, 18 Mo. App. 568. The court erred in refusing to instruct the jury as requested to do by the defendant. *Jackson v. Railroad*, 87 Mo. 422 ; *Beauchamp v. Mining Co.*, 50 Mich. 163. The verdict is excessive because the contract limited the value of the mules at one hundred dollars per head.

*Johnson & Lentz*, for the respondent.

It is conceded that common carriers may limit their common-law liability by a special contract with the shipper. But such special contract cannot be pleaded by the carrier as an exemption from liability for any loss or damage resulting from his own negligence. The court committed no error. *Levering v. Trans. Co.*, 42 Mo. 88 ; *Ketchum v. Ex. Co.*, 52 Mo. 390 ; *Rice v. Railroad*, 63 Mo. 314 ; *Snider v. Ex. Co.*, 63 Mo. 376 ;

*Clark v. Railroad*, 61 Mo. 440 ; *Sturgeon v. Railroad*, 65 Mo. 569 ; *Oxley v. Railroad*, 65 Mo. 629 ; *Kirby v. Ex. Co.*, 2 Mo. App. 629 ; *Grogan v. Ex. Co.*, 7 At. Rep. 136 ; *Ex. Co. v. Holmes*, 9 At. Rep. 166 ; *McFadden v. Railroad*, 92 Mo. 348. If goods or property have been delivered to the common carrier and have not been delivered by him, this is *prima-facie* evidence of negligence or misconduct. It is sufficient to show the loss or damage done in order to render the carrier liable. The burden is then on the carrier to show that it was occasioned by such cause as will excuse him from liability. *Hastings v. Pepper*, 11 Pick. 41 ; *Peck v. Meeks*, 34 Conn. 152 ; *Davidson v. Graham*, 2 O. St. 14; *Stokes v. Saltonstall*, 13 Pet. 181 ; *Whitesides v. Russel*, Wats & Serg. 44 ; *Van Winkle v. Railroad*, 38 Ga. 32 ; *Reynolds v. Haven*, 1 Cal. 108 ; *Chapman v. Railroad*, 21 La. Ann. 224 ; *Wayne v. Railroad*, 31 Iowa, 533 ; *Levering v. Trans. Co.*, 42 Mo. 88 ; *Davis v. Railroad*, 89 Mo. 340. The carrier is bound to deliver the goods in proper time and manner, and at the proper place. And *prima facie* to the consignee. And is liable for all losses except such as are inevitable, or such as arise from the act of God or public enemies. And must act for the interest of owner. 2 Redfield's Law of Railways, 61 ; 1 Redfield's Law of Railways, 76 ; *Daggett v. Shaw*, 3 Mo. 265 ; *Bartlett v. Steamboat*, 32 Mo. 256. The files and record in the attachment suit against plaintiff Nickey were not admissible in evidence in this case for any purpose, and the court committed no error in excluding them. 1 Wade on Attachment, 121 ; *Wales v. Clerk*, 43 Conn. 183. Defendant cannot excuse its liability to plaintiff by a wrongful or unlawful seizure of the property. 2 Redfield's Law of Railways [4 Ed.] p. 78, and cases cited. The verdict is not excessive, but is fully sustained by the evidence. The loss in this case was

occasioned by defendant's negligence or misconduct, and it cannot limit its liability as against its own negligence or misconduct. But is liable for the full value of the mules notwithstanding its contract.

BIGGS, J., delivered the opinion of the court.

Plaintiff sued defendant for the value of eight mules, alleged by him to have been delivered to defendant as a common carrier, by which the defendant, for a consideration then paid, undertook to transport said mules from the city of Poplar Bluff in Butler county, Missouri, to the city of Cairo, in the state of Illinois, and there deliver the same to the plaintiff. There was an allegation of non-delivery of the mules and a prayer for judgment for fifteen hundred dollars, their alleged value.

Defendant, by its answer, admits that it received the mules for shipment, but, at the time, plaintiff and defendant entered into a special contract, whereby plaintiff agreed to release defendant from liability as a common carrier in the transportation of said mules. That plaintiff agreed to accompany the mules and take charge and control of them while in transit. That at the town of Dexter, in Stoddard county, Missouri, one W. J. Sprinkels, acting as deputy sheriff of Stoddard county, compelled the conductor of the train to leave said mules at Dexter. That Sprinkels at the time, was acting under a writ of attachment issued out of the office of the clerk of the circuit court of Butler county, in the suit of Ferguson & Wheeler against the plaintiff. That afterwards plaintiff settled this attachment suit and appropriated said mules, or a portion of them, to the satisfaction of his debt to Ferguson & Wheeler. Plaintiff replied denying the defense interposed by defendant. There was a trial by jury, resulting in a verdict and judgment for plaintiff for seven hundred and sixteen dollars.

On the fifteenth day of September, 1886, plaintiff delivered to defendant at Poplar Bluff, eight mules for shipment to Cairo, Illinois. When the train, by which plaintiff's mules were shipped, arrived at the town of Dexter, a station on defendant's road in Stoddard county, the conductor in charge of the train, on the demand of one W. J. Sprinkels, city marshal of Dexter, delivered to him the possession of the mules. Just before the train arrived at Dexter the following telegram was received by Sprinkels, from the sheriff of Butler county, to-wit:

" *City Marshal :*

"Stop eight mules on local, going east, belonging to L. F. Nickey. Will be on next train with attachment.

"HENRY TURNER, Sheriff."

This was the only authority Sprinkels had for seizing the property, and on the faith of this telegram the conductor delivered to him the mules. The plaintiff was present and protested against it, but to no purpose. Four of the mules were afterwards sold under the attachment suit of Ferguson & Wheeler, and the sum of three hundred and five dollars was realized from this sale. This attachment suit was taken by change of venue to Wayne county, where in a compromise and settlement of the attachment suit of Ferguson & Wheeler against plaintiff, it was agreed that the sheriff of Stoddard county should turn over to plaintiff in the attachment suit, the said sum of three hundred and five dollars in satisfaction of their claim against Nickey. The mules were shown to be worth from one hundred and twenty-five dollars to one hundred and fifty dollars each.

The court, on motion of plaintiff, instructed the jury in substance that Sprinkels had no right to seize or stop the mules unless he was authorized to do so by a proper writ from some court having authority to issue

the same, and if defendant deliv ered the mules to
Sprinkels, without the latter having an y such authority,
then defendant was liable.    The court on its own
motion instructed the jury, substan tially, that if plain-
tiff received or agreed to dispose of any money arising
from the sale of any of said mules, then the jury should,
in assessing the damages, take this into consideration.
Defendant asked and the court refused to instruct the
jury that (1) if Sprinkels was a deputy sheriff of Stoddard
county, and that he seized the mules on the authority
of a telegram sent by the sheriff of Butler county, and
that Sprinkels represented to the conductor that he was
an officer, and had authority to seize the mules, and
refused to allow the train to proceed unless the mules
were delivered to him, then the defendant was not
liable.    (2) That it was not the duty of the conductor of
the train to inquire into the authority of Sprinkels to
attach the mules, if Sprinkels, at the time, was acting
deputy sheriff of Stoddard county, and if the conductor
delivered the mules to Sprinkels, who at the time
represented that he had authority to attach the mules,
then defendant was not liable.

Defendant asks a reversal of the judgment.    ( 1 )
Because the court committed error in excluding the
special contract referred to in defendant's answer.
(2) That it committed error in excluding from the con-
sideration of the jury the attachment papers in case
against plaintiff, because they tended to show a delivery
of the property under process of law.    (3) That the
instructions given by the court were wrong.    (4) That
the instructions asked by defendant properly declared
the law.    (5) That the verdict of the jury is excessive,
as the contract limited the value of the mules to one
hundred dollars per head.    The consideration of the
instructions given by the court will, in effect, dispose of
all of the errors complained of by defendant.

The responsibility of a common carrier at common
law is peculiar and does not rest in contract.    The law

fixes its responsibility, and failure by a common carrier to discharge the legal obligation is in the nature of a tort. If there is a special contract between the shipper and the carrier, the former, in case of a breach, may either bring an action *ex delicto* for failure to discharge the duties of a common carrier imposed by the common law, or he may sue on the special contract. If the plaintiff elects to adopt the former remedy, the law only requires him to allege and prove a delivery of the goods to the carrier, failure to deliver to the owner or consignee, and the value of the goods ; this makes a *prima-facie* case. In such a case, if a special contract has been entered into between the carrier and shipper, this contract in a proper case may become admissible in evidence, to limit the liability of the carrier to such an extent as the *law permits*. But in no case will the law permit a common carrier to contract against its own negligence. *Heil v. Railroad,* 16 Mo. App. 367 ; *Clark v. Railroad,* 64 Mo. 446 ; *McFadden v. Railroad,* 92 Mo. 348. If a carrier attempts to relieve itself from legal liability for failure to deliver goods, it must make a case in which no negligence of its own appears. *Davis v. Railroad,* 89 Mo. 340. In this case defendant's own testimony showed that the conductor of defendant's train delivered plaintiff's mules to Sprinkels on the authority of the *telegram,* and on that *alone.* If this was negligence by defendant's agent, then it could not possibly relieve itself from liability either under the law or by the terms of a special contract.

A common carrier is excused from delivery of goods when they have been seized under legal process. And it makes no difference by and against whom the process is issued. It may be against the shipper or a stranger. In either case the carrier is protected. When the goods are seized, they are in the custody of the law, and no one has a right to question it. "But the carrier must

show that the goods were taken by *due legal process according to the law of the land."* Hutchinson, Carriers, sec. 398.

If he surrenders the goods under any other circumstances, he is guilty of negligence and is not protected; and the law will not permit the carrier to contract against such negligence. By surrendering the property to a person or officer not authorized to attach, and who, at the time of the seizure, had no writ from any court of competent jurisdiction authorizing the act, the carrier would be guilty of negligence, either as a matter of law or fact, or both.

In the case at bar Sprinkels was city marshal of Dexter, and was acting deputy sheriff of Stoddard county. At the time of the seizure by Sprinkels, he had no writ of attachment, but seized and held the goods under a telegram from a sheriff of another county, and addressed to him as city marshal. This bare statement is sufficient to show that plaintiff's property was not taken by "*due legal process.*" Before the mules were surrendered to Sprinkels, it was the duty of the conductor of the train, to know that Sprinkels had the legal right to seize the property. If the law were otherwise, there would be no safety to the property of the shipper. Under this view of the law for what purpose was the special contract relied on by defendant admissible in testimony? Defendant could not protect itself by contract against such an act of negligence. Even if the contract showed that plaintiff was to accompany the stock and that defendant was to be relieved of liability for all injuries to the mules during the shipment; yet this would only apply to the usual accidents attending the shipment, loading and unloading of live stock; and even as to such injuries defendant would not be relieved, if he was guilty of any actual negligence, that directly contributed to the injury. And although the special contract provided that in the event of a loss, that plaintiff should not claim or recover more than one hundred

dollars per head for the mules shipped, yet the contract was not competent evidence in this case, because the evidence showed that the mules were *lost* to plaintiff by reason of the *negligence* of defendant. A stipulation of the kind can only be enforced when the loss occurs through no negligence of the carrier. *Kirby v. Express Co.*, 2 Mo. App. 377 ; *Levering v. Transportation Co.*, 42 Mo. 88 ; *Ketchum v. Express Co.*, 52 Mo. 391.

The refusal of the court to permit the attachment papers to be read in evidence was right. The purpose, as stated by counsel for defendant, was to show that the mules had been actually seized under a writ of attachment, by the sheriff of Stoddard county. This seizure was made after the actual seizure by Sprinkels. It stands admitted, that at the time, Sprinkels had no writ. The sheriff of Butler county was to bring the attachment writ on the next train. A subsequent levy under the writ of attachment could not change defendant's liability to plaintiff. The subsequent levy was therefore immaterial.

We think the case was fairly tried and, finding no error in the record, the judgment will be affirmed. All the judges concur.