DAVID F. CONOVER *et al.*, Respondents, v. THE PACIFIC
EXPRESS COMPANY, Appellant.

### St. Louis Court of Appeals, March 18, 1890.

1. **Common Carriers:** LIMITATION OF LIABILITY. A common
carrier cannot, by contract, limit the extent of his liability for
his negligence. And a stipulation by the carrier that his liability
should not exceed a stated sum, unless the value of the property
should be disclosed, will not relieve the carrier from liability for
the actual value of the property, in case of the loss thereof
through his negligence in the carriage of it, though the shipper, on
demand by the carrier, refused to state the amount of its value,
and though a larger charge would have been made for its car-
riage and it would have been differently carried, than was done,
if such value had been disclosed.

2. ——— : ——— : LIQUIDATED DAMAGES. But, *semble* that an agree-
ment between the carrier and shipper fixing the value of the
property, and liquidating the damages for the loss of the property
at the value thus fixed, is valid, if made for a sufficient consid-
eration.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*Albert C. Davis* and *William C. Marshall*, for the
appellant.

The court erred in holding that the plaintiffs were
not bound by the limitation regarding the amount of
loss provided for by the receipt given by the defend-
ant. It is competent for a common carrier, by the
contract of carriage, to limit the amount of his liability
in case of loss, and the rule is the same whether the
loss was occasioned by the negligence of the carrier or

not. *Brown v. Railroad*, 18 Mo. App. 568; *Harvey v. Railroad*, 74 Mo. 536; *Hart v. Railroad*, 112 U. S. 331; *Oppenheimer v. Express Co.*, 69 Ill. 62; *Railroad v. Weakley*, 50 Ark. 397; *Railroad v. Hanlien*, 56 Ala. 606. The court erred in not giving defendant's instruction that under the evidence the plaintiffs are estopped from claiming or asserting that the value of the package of jewelry sued for in this action is greater than fifty dollars. If the value of a package is concealed by silence, or if the value of a package is requested by the agent of the carrier of the shipper, and no answer, or a false answer, is given such agent, it is a fraud upon the carrier and the carrier is thereby released from all liability for the loss of the same. Lawson on Carriers, sec. 20 ; *Railroad v. Burk*, 9 Am. & Eng. R. R. Cas. 59; *Railroad v. Falhoff*, 100 U. S. 24 ; *Phillips v. Earl*, 8 Pick. 181; *Macklin v. Waterhouse*, 5 Bing. 212 ; *Baldwin v. Collins*, 2 Rob. 468; *Fascet v. Ruark*, 3 La. Ann. 664 ; *Louis v. Gale*, 17 La. Ann. 302; *Little v. Railroad*, 63 Me. 269; *Magnin v. Dinsmore*, 62 N. Y. 35; s. c., 70 N. Y. 410. And the plaintiffs, to recover the full value of the package, must establish that the package was stolen through the negligence of the defendant, and the absence of any fraud or misrepresentation as to the real value of the package. *Doan v. Railroad*, 38 Mo. App. 408; *McFadden v. Railroad*, 92 Mo. 343.

*Chester H. Krum*, for the respondents.

No rule is better settled in this state, than that while a carrier may limit his common-law liabilities, yet he cannot exempt himself from his negligence. *Snider v. Express Co.*, 63 Mo. 382 ; *Ball v. Railroad*, 83 Mo. 574 ; *Kirby v. Express Co.*, 2 Mo. App. 369 ; *Craycroft v. Railroad*, 18 Mo. App. 487. No rule is more clearly settled than that the fact of loss, unexplained, creates

a conclusive presumption, that such loss was caused by the negligence of the carrier. *Kirby v. Express Co.*, 2 Mo. App. 369; *Davis v. Railroad*, 89 Mo. 340. The law controlling this case is correctly stated in *Kirby v. Express Co.*, *supra*, which stands unchallenged in this state. This case does not depend in the slightest degree upon the ruling in *Harvey v. Railroad*, 74 Mo. 536, and kindred cases, which are merely cases of limited liability as to amount, resulting from an express contract of carriage at a reduced rate of transportation. *McFadden v. Railroad*, 92 Mo. 343.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action brought by the plaintiffs to the use of the Union Insurance Company of Philadelphia, who paid to the plaintiffs, upon a contract of guarantee of safe delivery, the value of certain jewelry, which had been delivered by the plaintiffs to the defendant for safe carriage from Little Rock, Arkansas, to Philadelphia, Pennsylvania, and which was stolen from the defendant, while in transit. Upon trial of the cause by the court without a jury, the plaintiffs recovered judgment for two hundred and fifty-seven dollars and eighty cents.

No objection is made to the form of, or parties to, the action, nor as to the right of recovery, but the defendant claims that, under the conceded facts, the recovery should have been limited to fifty dollars with interest from the date of demand.

The cause was tried upon an agreed statement of facts, which is as follows: "On the twenty-ninth day of November, 1886, Ernest Spiering, acting for and representing David F. Conover & Co., a firm composed of David F. Conover and B. Frank Williams, delivered to the defendant at Little Rock, Arkansas, for carriage to and delivery at Philadelphia, Pennsylvania, the goods whose value is sued for in this action. These goods

were the property of said Conover & Co., and were of
the value of two hundred and twenty-six dollars and
ninety-five cents.

"Upon the delivery of these goods to the defend-
ant, it issued to said Spiering, for and in behalf of said
Conover & Co., the receipt attached to the deposition
for plaintiff herein (the written part of which, with the
exception of the name of the agent, was in the hand-
writing of said Spiering), said receipt being hereby
made part of this statement.

"Spiering was asked by the agent of the defendant
at Little Rock what the value of the goods was, and
declined to give it. The charges of the defendant for
the carriage of the goods were not paid at the time of
their delivery to the defendant, but were to be paid by
the consignees on delivery of the goods to them at the
point of their destination.

"Had the goods been safely delivered, the charges
of the defendant, under the custom of its business,
would have been based upon a valuation of fifty dollars.
Had the value of the goods been given, the defendant
would have charged more, upon the delivery of the
goods, than it would have done under the receipt, as
actually given to Conover & Co. Had the real value of
the package been indicated, the defendant would have
carried it in a safe provided for such purpose. The
package was carried in the same manner as all other
unvalued packages are carried by the defendant.

"The goods were not delivered to the consignees, or
any one representing them, having been stolen from
defendant while in transit.

"The goods were insured for the benefit of D. F
Conover & Co., by the Union Insurance Company, of
Philadelphia, by the policy accompanying this state-
ment, and attached to said deposition of plaintiff, which
is made part hereof. After the loss of the goods, the
insurance company paid said Conover & Co. two hun-
dred and twenty-six dollars and ninety-five cents, and

took an assignment, also attached to said deposition and made part hereof."

No points arise upon the policy of insurance, referred to in the statement, and the only clause of the receipt forming part of the agreed facts, on which any point is made is as follows :

"It is hereby expressly agreed, that the Pacific Express Company are not to be held liable * * * for any loss or damage of any box, package or thing for over fifty dollars, unless the just and true value thereof is herein stated."

The answer does not charge, nor does the proof show, any fraudulent misrepresentation, or fraudulent suppression of facts, on part of Spiering, as to the value of such package; nor does the answer charge, or the proof show, that the plaintiffs, or their agent Spiering, were advised of the fact that the rates of defendant's charges were regulated according to the value of packages carried, nor that the plaintiff, or its agent, were aware of the fact, that valued packages were carried by the defendant in a different manner than unvalued packages.

It will be thus seen that the case presents these simple propositions: Can a common carrier in this state by contract limit his liability *in amount*, when the loss is caused by his own negligence, or can he, by contract between himself and the shipper, liquidate the damages· at a sum certain in case of loss due to his own negligence? These propositions are akin, yet different in this, that a limitation of the carrier's liability is a provision solely in the carrier's favor, as the shipper in case of loss would still have to prove the value of the article to be equal to or greater than the amount limited, in order to recover the limit, whereas in a case of liquidated damages the amount agreed upon is conclusive on both parties.

That the carrier cannot limit his liability *in amount*, when the loss is due to his own negligence has been

decided by this court at least on three occasions. *Kirby v. Express Company*, 2 Mo. App. 377; *Nickey v. Railroad*, 35 Mo. App. 86, 87; *Doan v. Railroad*, 38 Mo. App. 408. If these cases correctly express the law, there would seem to be no room for argument in this cause; as the judgment of the trial court, under the agreed facts, is strictly in conformity with them, and as the contract presents the feature of limitation as distinguished from liquidation of damages.

Since the decision in *Kirby v. Adams Express Co.*, *supra*, the second proposition hereinabove stated has twice come before the supreme court. In *Harvey v. Railroad*, 74 Mo. 538, the contract between the carrier and shipper related to the transportation of a horse, the contract stating that it was to be carried at owner's risk *and its value, if injured or killed, was one hundred dollars*. The answer claimed that the horse was carried as a valued horse, that its true value was not disclosed, and that the freight charges would have been greater for a horse of a greater value, and, therefore, claimed that the plaintiff's recovery was limited to one hundred dollars. The plaintiff gave evidence that the horse was of the value of six thousand dollars; the defendant gave evidence of the facts stated in its answer, and asked an instruction, telling the jury that, if they found such facts to be true, the plaintiff could not recover beyond one hundred dollars. The court refused the instruction; the supreme court reversed the case, holding that the instruction should have been given. Judge HOUGH, speaking for the court, said: "This court has repeatedly held that public policy will not permit a common carrier to contract for exemption from liability on account of the negligence of itself or its servants. The plaintiff contends that it is as much against the policy of the law to permit the carrier to limit its liability to a part of the loss, as it would be to permit it to stipulate against the entire loss. We do

not regard a contract limiting a right of recovery to a sum expressly agreed upon by the parties as representing the true value of the property shipped, as a contract in any degree exempting the carrier from the consequence of its own negligence. Such a contract fairly entered into leaves the carrier responsible for its negligence, and simply fixes the rate of freight and liquidates the damages. This we think it is competent for the carrier to do. And where the reduced value is voluntarily fixed by the shipper, with a view of obtaining a low rate of freight, without any knowledge on the part of the carrier that the property was of greater value, it would be a fraud upon the carrier to permit the shipper to recover a greater sum than fixed by him. _Hart v. Railroad_, 7 Fed. Rep. 630; Lawson on Carriers, section 20." In the case of _McFadden v. Railroad_, 92 Mo. 343, the same question arose in a different form. There the stipulation in the contract was that the carrier should not be liable _for more than one hundred dollars_ per head for the mules shipped. The answer was substantially the same as in the _Harvey case_, but the proof failed to show that the stock was agreed to be carried at a lower rate of freight on that account; on the contrary it appeared that the statement in the contract, that the rate was a reduced rate, was false. The recovery was for more than one hundred dollars per head and was upheld. Judge RAY, speaking for the court, said: "Under the circumstances of this case, there was, we think, no consideration for the limited valuation placed upon the mules by defendant, and the stipulation in that respect is, we think, void as releasing the carrier from the full and reasonably adequate liability for its negligence."

These two decisions seem to lead to the inference that in this state the carrier may contract with the shipper, upon a sufficient consideration supporting the restricted liability to the effect that his damages, in case

of loss caused even by the carrier's own negligence, should be liquidated at a certain sum. This is the extent, we believe, to which these cases go. The *McFadden case* seems to intimate that a limit may under circumstances be treated as a liquidation. But both these cases fall short of relieving the defendant in the present case, because here there was no contract for a lower freight; it is not even shown that the plaintiffs or their agent knew what the freight charges were, as they did not pay them, and, as the loss was admittedly caused by the carrier's negligence, it was liable for the full value under all the decisions in this state.

As the case is one which, under the two decisions of the supreme court above quoted, presents fairly debatable features, the judgment will be affirmed without damages. So ordered. All the judges concur.