JESSE GEORGE, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 26, 1894.

1. **Common Carrier**: RECEIPT AND FAILURE TO DELIVER WITH VALUE: PRIMA FACIE CASE.   Evidence of the receipt of a certain number of cattle and of the carrier's failure to deliver two of that number together with the value of the missing steers makes out a *prima facie* right of the shipper to recover.

2. ————: CONTRACT OF EXEMPTION: NEGLIGENCE: EVIDENCE.   A contract of exemption for loss from certain perils or accidents is admissible in evidence by common carrier to limit its liability; but the carrier is not permitted to contract against its own negligence.

George v. The C., R. I. & P. R'y Co.

3. ———: ———: WITHIN EXCEPTIONS WITHOUT NEGLIGENCE. When a carrier relies upon a contract of exemption he must bring himself within the exemption, and he does not do this by simply showing the goods were lost by the excepted peril or accident, but he must go further and show that he was free from negligence contributing to the loss.

4. ———: NEGLIGENCE: BURDEN OF PROOF. If the cause of action stands on the ground of negligence of the carrier, the burden of proof is on the plaintiff to satisfy the jury by the evidence taken as a whole that the negligence of the defendant caused the damage or was an active co-operating cause.

5. ———: ———: INSURER: BURDEN OF PROOF. Whether the action is grounded on the negligence of the carrier, or his common law undertaking as an insurer, when the carrier shows that the loss was caused by some act which exonerates it from liability under the bill of lading and the cause stops, plaintiff cannot recover. The burden is upon him to show that the negligence of the carrier caused the loss or was the co-operating cause.

6. ———: ———: ———: INSTRUCTIONS. Instructions summarized in the opinion are *held* not obnoxious to the foregoing rule, but are without evidence to support them in this case; yet they are harmless as on the evidence plaintiff was clearly entitled to recovery.

7. Appellate Practice: TRIAL PRACTICE: REMARKS OF COUNSEL. The remarks of plaintiff's counsel in the course of his argument before the jury in referring to the statutory duty of defendant's station agent is *held* not so grossly improper as to call for more than the admonition of the court at the time that the discussion of the law should be confined to the instruction given.

*Appeal from the Mercer Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*M. A. Low* and *W. E. Clark* for appellant.

(1) The court, at the conclusion of the evidence, should have given defendant's instruction in the nature of a demurrer to the evidence. The plaintiff's own evidence shows that the loss, if any, occurred by reason of one of the excepted perils mentioned in the contract

of shipment; and there being no evidence of any negligence on the part of defendant, plaintiff can not recover. *Davis v. Railroad*, 89 Mo. 340, 350, 351; *Railroad v. Reeves*, 10 Wall. 176, 189, 190; *Transportation Co. v. Downer*, 11 Wall. 129; *Witting v. Railroad*, 101 Mo. 631; s. c., 28 Mo. App. 103, 112; *Atchison v. Railroad*, 80 Mo. 213, 215. (2) The court erred in giving plaintiff's first instruction. Under the instruction complained of, the jury were instructed to return a verdict for plaintiff, regardless of whether the defendant was negligent or not. This is not the law. *Witting v. Railroad*, *supra*, and cases cited; *The Otis Co. v. Railroad*, 112 Mo. 622, 633. Again, this instruction ignored the contract and defendant's defense based thereon. It is error to give an instruction which ignores the defense, or a material fact in issue. *Stanfield v. Loan Ass'n*, 53 Mo. App. 596, 599, 600; *Ballard v. Railroad*, 51 Mo. App. 453; *Greer v. Parker*, 85 Mo. 107, 111. (3) Plaintiff's second instruction is clearly wrong. If the steers were lost in the manner testified to by plaintiff (and there is absolutely no evidence that they were lost in any other manner), then the burden of showing negligence on the part of defendant rested upon plaintiff, and such has been the law in this state since 1875. *Read v. Railroad*, 60 Mo. 199, 206; *The Otis Co. v. Railroad*, *supra*; *Witting v. Railroad*, *supra*. (4) The court erred in permitting plaintiff's counsel, in his argument to the jury, to state the law governing the matter in suit. This court, as well as the supreme court has repeatedly condemned attorneys for commenting upon matters outside of the record, and many cases have been reversed for this cause. *Dean v. Chandler*, 44 Mo. App. 338, 343; *Miller v. Dunlap*, 22 Mo. App. 97, 106; *Bishop v. Hunt*, 24 Mo. App. 373, 377; *Haynes v. Town*, 108 Mo. 124, 133; *Ritter v. Bank*, 87 Mo. 574, 576.

*Harber & Knight* for respondent.

(1) When plaintiff had shown that he delivered to defendant the 101 head of cattle, at Mercer, for shipment to Chicago, and that on arriving in Chicago there were only ninety-nine head, he had made his case and it was for defendant to show by competent evidence and by the preponderance thereof, that they were lost by reason of one of the excepted perils, mentioned in the contract. R. S. 1889, sec. 2593. *Costigan v. Trans. Co.*, 33 Mo. App. 269; *Nickey v. Railroad*, 35 Mo. App. 79; *Doan v. Railroad*, 38 Mo. App. 408; *Canover v. Express Co.*, 40 Mo. App. 31; *Read v. Railroad*, 60 Mo. 199; *McFadden v. Railroad*, 92 Mo. 343. (2) The error of appellant's counsel is in assuming there was no evidence of the loss of plaintiff's steers, except "by reason of one of the excepted perils," when in fact there was no competent evidence of such loss. If they had desired more definite instruction, or the jury instructed that if they found the cattle were lost by reason of some of the many "excepted perils in the contract," then the plaintiff could not recover, unless he showed affirmatively or by the preponderance of the evidence that defendant was guilty of negligence therein or directly contributory thereto, they should have asked it. They can not now be heard to complain. *Hyde v. Book and News Company*, 32 Mo. App. 298; *Express Co. v. Kountz Brothers*, 8 Wallace, 342; *Dickinson v. Stuart*, 33 Iowa, 125; *Haley v. Railroad*, 21 Iowa, 15.

Smith, P. J.—This was an action *ex delicto* brought before a justice of the peace by the plaintiff against the defendant for a breach of the duties of a common carrier imposed upon it by the common law in that the plaintiff had intrusted to the defendant at Mercer, in this state, one hundred and one head of beef steers

which it agreed to deliver at the Union Stock Yards at Chicago, in the state of Illinois, and that the defendant failed to so deliver two head of said steers, etc.

The defendant relied upon, as a defense, the bill of lading under which the steers were shipped. It was introduced in evidence and, among other provisions, contained the following: "Which stock is to be loaded, unloaded, watered and fed by the said J. George, or his agents, and in consideration of free transportation for two persons, hereby given by said railway company, such persons to accompany the stock, it is agreed that the cars containing the stock of said J. George are in the sole charge of such person, or his agents, for the purpose of attention and protection of the stock while in transit, and the company assumes no responsibility for safety of stock in charge of shipper, or his agents, whether from theft, heat, jumping from the car, injury in loading or unloading, injury or damage which stock may ·do themselves, or which may arise from the reasonable delay of trains, or from any other cause, or accident or injury, except those occurring by reason of gross negligence of the company."

There was a trial and judgment for plaintiff, and from which the defendant appealed.

It appeared from the bill of lading that the plaintiff shipped four carloads of steers, as claimed by him in the statement of his cause of action, but it was denied that there were one hundred and one of them. The defendant's station agent, at the place where they were received, did not count and state the number of them in the bill of lading, as was his duty to do under section 2593, Revised Statutes. But the uncontradicted testimony of the plaintiff and one of his witnesses established the fact that the plaintiff had placed in defendant's care one hundred and one beef steers, and that the latter had delivered the plaintiff at Chicago

only ninety-nine of them. This showing with the proof of the value of the steers, about which there was no question, was sufficient to make out the plaintiff's *prima facie* right to recover. *Costigan v. Trans. Co.*, 33 Mo. App. 269; *Nickey v. Railroad*, 35 Mo. App. 79; *Doan v. Railroad*, 38 Mo. App. 408; *Canover v. Express Co.*, 40 Mo. App. 31; *Read v. Railroad*, 60 Mo. 199; *McFadden v. Railroad*, 92 Mo. 343.

The stipulation in the bill of lading, from which we have already quoted, was, under the well settled law of this state, admissible in evidence to limit the liability of the defendant to the extent the law permits. A common carrier is not permitted to contract against its own negligence. *Clark v. Railroad*, 64 Mo. 446; *McFadden v. Railroad*, 92 Mo. 348. So it has been ruled that if a common carrier attempts to relieve itself from legal liability for failure to deliver goods it must make out a case in which no negligence of its own appears. *Davis v. Railroad*, 89 Mo. 340; *Nickey v. Railroad*, 35 Mo. App. 79.

In this state of the case the burden was laid upon the defendant, if it would exonerate itself from liability, to prove, since it had not delivered the steers, that the loss was occasioned by reason of some one or more of the exemptions of the bill of lading. And when the loss occurs from any of the causes excepted in the bill of lading the exception must be the proximate and sole cause of the loss. And when the loss is attributable to such, still, if the negligence of the carrier mingles with it and is the active and co-operating cause, he is responsible. *Read v. Railroad, supra; Davis v. Railroad*, 89 Mo. 340; *Witting v. Railroad*, 101 Mo. 641; *Doan v. Railroad, supra.*

*Otis Co. v. Railroad*, 112 Mo. 631, was where it was admitted that the loss occurred from a cause excepted in the bill of lading, and it was held that the plaintiff

could only recover by showing that the fire was the result of negligence, and the burden of proof of the issue rested upon it. There are quite a number of cases cited in *Witting v. Railroad, supra,* which hold that when a carrier relies upon a contract of exemption he must bring himself within the exemption, and that he does not do this by simply showing that the goods were lost by the excepted peril or accident, but that he must go further and show that he was free from negligence contributing to the loss. But it is held, in the case last referred to, to be the established law of this state that when the cause of action stands on the ground of negligence on the part of the carrier, the burden of proof is on the plaintiff to satisfy the minds of the jurors, by the evidence taken as a whole, that the negligence of the defendant caused the damage, or was an active co-operating cause in producing it. The result of the rule is the same, whether the action is grounded on the negligence of the carrier or on his common law undertaking as an insurer, for in either case when the carrier shows to the satisfaction of the jury that the loss was caused by some act which exonerates it from liability therefor under the bill of lading, and the case stops there, the plaintiff can not recover. The burden is thus cast upon the plaintiff to show that the negligence of the carrier caused the loss, or was the co-operating cause in producing it, or he can not recover. *Otis Co. v. Railroad,* 112 Mo. 622; *Read v. Railroad, supra.*

The third and fifth instructions, given by the court of its own motion, are not obnoxious to this rule, for they in effect told the jury no more than that, if they found from the evidence that the cattle were lost by some one of the perils or accidents excepted in the bill of lading, to find for the defendant, unless the same was occasioned by "the negligence of defendant or its

agents or servants." There was absolutely no competent evidence showing how the steers were lost. And since it was not shown that the loss of the steers was occasioned by some act which was recognized by the bill of lading as an exemption, of course it was impossible to show that the negligence of defendant was the active or co-operating cause of the loss. These instructions did not place the burden of proof, in respect to negligence, anywhere. They left it to the jury to determine from the evidence as a whole whether there was such negligence. These instructions, as well as the fourth given by the court of its own motion, were not supported by any substantial evidence; they were mere abstractions, having no proper place in the case. But since, under the evidence as we view it, the jury could only have found for the plaintiff, it is not perceived that such instructions were harmful, and therefore the action of the court in giving them did not constitute reversible error.

The defendant further objects that the judgment ought not to stand, for the reason that one of the attorneys of the plaintiff, in the course of his argument before the jury, stated that the defendant's station agent, where the plaintiff's cattle were received by it on board of its cars, did not count them as required by section 2593, Revised Statutes. It is true that the action is not grounded on the omission of this statutory duty, still, since the defendant endeavored to put in issue the fact as to the number of cattle received by it of the plaintiff, we can not see that such reference by plaintiff's attorney was so grossly improper as to call for more than the admonition of the court, at the time, to the effect that the discussion of the law be confined to the instructions given by the court. Even if the remarks of counsel alluded to exceeded the bounds of propriety, still we would not feel justified in reversing

the judgment on that account in a case like this, where it is so manifestly for the right party.

The judgment must be affirmed.    All concur.