N. C. MERRILL, Respondent, v. THE CENTRAL TRUST COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1.  Pleading: EXHIBITS: PETITION. The exhibits filed along with a petition constitute no part thereof. Its sufficiency must be determined by its face—by its contents—and can neither be aided nor destroyed by an accompanying exhibit:

2. **Appellate Practice**: EVIDENCE : ABSTRACT. The appellate court cannot pass upon the action of the trial court in refusing to admit in evidence certain letters when the abstract does not set forth the contents of such letters. And the appellate court will not go into and examine the transcript and fish out the matter which is necessary to a full understanding of the questions presented for decision.

3. **Contracts** : MODIFICATION : CONSIDERATION : PLEADING : ANSWER : PRACTICE. By failing to deny under oath the execution of the contract declared on in the petition, its execution was admitted ; and if defendant would rely on a new or modified contract subsequently entered into then he should set it up in his answer. The rescission, change or modification of the original contract could only be accomplished by a new agreement supported by a new consideration.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*L. F. Bird*, for appellant.

(1) The court erred in overruling the objection of the defendant and appellant, to the introduction of any evidence under the petition of the plaintiff, for the reason that said petition did not state facts sufficient to constitute a cause of action. Chitty's Pleading, star p. 298. (2) The court erred in excluding as evidence the various letters which passed between the plaintiff and the defendant, and which showed truly the transactions between them, and their understanding from time to time of their said bond transaction. *Hart v. Wire Co.*, 91 Mo. 421, 422 ; *Hammerslough v. Cheatham*, 84 Mo. 13, 22. (3) The court erred in excluding as evidence the verbal conversation, contract and agreement, had between plaintiff and defendant of Kansas City, on September 12, 1889. (4) The court erred in holding, and in instructing the jury, that the defendant, by its

failure to object specifically and in terms to the plaintiff throwing off the accrued interest on the sugar bonds in refunding them, as soon as it heard it was done, was estopped from claiming such accrued interest. *Bales v. Perry*, 51 Mo. 453; *Rice v. Bunce*, 49 Mo. 349; *Austin v. Loring*, 63 Mo. 22; *Spurlock v. Sproule*, 73 Mo. 504, 509; *Acton v. Dooley*, 74 Mo. 67; *Burke v. Adams*, 80 Mo. 514; *Monks v. Belden*, 80 Mo. 642; *Douglass v. Cissna*, 17 Mo. App. 63; *Miller v. Anderson*, 19 Mo. App. 74; *Weise v. Moore*, 22 Mo. App. 537; *Taylor v. Zepp*, 14 Mo. 482; *Newman v. Hook*, 37 Mo. 207; *Chouteau v. Goddin*, 39 Mo. 229; *Eitelgeorge v. Building Ass'n*, 69 Mo. 56; *Rogers v. Marsh*, 73 Mo. 64; *Noble v. Blount*, 77 Mo. 235, 242.

*Muckle & Winn* and *George S. Redd*, for respondents.

(1) . As a basis for this assignment of error appellant imagines there was an element in the petition which was not there, to-wit, an allegation that respondent sold appellant the Franklin township bonds if they could be refunded; and appellant's counsel thinks no evidence should have been received in support of the petition, because no reason was given in the petition for the failure to deliver the $15,000 worth of Franklin township bonds. (2) In the second assignment of error appellant complains that the court erred in excluding as evidence "various letters." This term "various letters," and the brief, are so vague it is impossible to tell what rulings appellant complains of, or what letters it refers to, or in what respect the letters excluded were material, or how appellant was injured by the ruling of the court excluding them. (3) In the third assignment of error appellant complains that the court excluded as evidence the verbal contract and agreement had between plaintiff and defendant at Kansas City, September 12, 1889. That conversation was

had between Mr. Merrill and Mr. Guerrier, the secretary of the company, and seems to have been pretty thoroughly detailed. After the amended answer was filed, appellant offered and was permitted by the court to prove what was said in the conversation of September 12, 1889. (4) In the fourth assignment of error the ruling of the court complained of was not excepted to, and, even if erroneous, appellant could not now be heard to urge it for the first time. The appellant has not set out in its abstract the instructions complained of, and is, therefore, not entitled to have them passed upon.

GILL, J.—On January 10, 1890, N. C. Merrill commenced his action in the circuit court of Jackson county, Missouri, against the Central Trust Company, alleging as his cause of action that on or about the twenty-eighth day of August, 1889, he had sold and delivered to the defendant certain municipal bonds of the townships of Center and Forrester, and the city of Ness City, a city of the third class, in Ness county, Kansas, issued under an act of the legislature of the state of Kansas, entitled "An act to encourage the erection of mills and the manufacture of sugar and syrup out of sorghum cane, and authorizing townships and cities of the second and third class to subscribe for stock in sugar factories and to vote bonds therefor," as follows: Bonds of Center township, $15,000; bonds of Forrester township, $15,000; and bonds of the city of Ness City, $15,000 : total $45,000, at ninety cents on the dollar of the face of said bonds, flat," that the sale and delivery of said bonds was, however, upon the express condition that said sugar bonds should be compromised and refunded under an act of the legislature of the state of Kansas, approved, March 8, 1879, entitled, "An act to enable counties, municipal corporations, the board of education of any city, and school districts, to refund their indebtedness;" said refunding to be under the direction of said defendant; that said agreement and contract more fully

appears from the written correspondence had between said plaintiff and defendant by and through N. C. Merrill, plaintiff, and C. S. Hetherington, secretary of said defendant, under the following dates, to-wit: July 15, 1889; August 23, 1889; August 26, 1889; August 28, 1889 and August 30, 1889, respectively, which are hereto attached, made a part hereof, and marked respectively, exhibit A, exhibit B, exhibit C, exhibit D and exhibit E; that plaintiff in accordance with the terms of said agreement, and under the direction of defendant, procured the compromise and refunding of all said municipal bonds, and the same were delivered to said defendant, August 30, 1889; that defendant had only paid on said bonds $39,439.22, and there was still due the plaintiff the sum of $1,060.78, which had been due and unpaid since October 20, 1889, and for which plaintiff demanded judgment with interest and cost. To this petition an answer was filed which it is unnecessary to here set out. The substance of the controversy is to be found in certain claims in the nature of set-off set up in the answer. The amount sued for arises out of the following accounting by plaintiff; the bonds of Ness City, Center and Forrester townships, were refunded· and delivered to and accepted by appellant.

| | | |
|---|---:|---:|
| The purchase price of these bonds at ninety cents flat was....... .............. | | $40,500 00 |
| Appellant paid thereon: | | |
| September 12, 1889, advance on purchase price ...... ......$10,000 00 | | |
| October 14, 1889............... 2,000 00 | | |
| October 21, 1889............... 23,500 00 | | |
| December 13, 1889............. 3,924 22 | | $39,424 22 |
| Balance unpaid............ | | $ 1,075 78 |

This action was brought to recover this balance and interest, but by mistake the amount claimed in the petition is $15 less than this. On the trial it was not disputed that this balance was unpaid, but appellant

as an offset set up the following items, which are the sole matters of dispute, none of them having been allowed by the jury:

Discount on Merrill's note of $10,000...........$ 73 74
Accrued interest thereon....................    13 19
Express on bonds to Ness City......  .........    11 20
Expense of sending Deane to Ness City........    50 00
Expense of sending Deane to Ness City........    73 35
Accrued interest on the sugar bonds, thrown off
    by way of compromise to induce the munic-
    ipalities to refund them..................    787 50

The principal contention on the facts arises as to the above-named "discount on Merrill's note of $10,000," $73.34, and the last item of $787.50 "accrued interest on sugar bonds." By the agreement for purchase of the bonds defendant promised to make an advancement to plaintiff, and the $10,000 credited on plaintiff's account he says was as such advancement, and that he gave his note to defendant for that sum as simply evidence of such advancement. While defendant asserts the advancement of a loan, and that the note by it was discounted to raise money for the common benefit, and that the discount should be charged up to plaintiff, etc. The item of $787.50 is claimed by defendant as the interest accrued on the first batch of bonds before they were exchanged for the refunding bonds, and which plaintiff, it is alleged, threw off and gave to the townships in compromise without the authority of defendant. On the other hand plaintiff claims that he was authorized to make such compromise, and that defendant well knew at the time that such accrued interest on the first series of bonds was to be, and was, given up, and that defendant accepted such new bonds fully understanding the premises. The cause was submitted to a jury, under instructions given at the instance of both plaintiff and defendant, and the verdict and judgment was in plaintiff's favor for the full amount claimed, and defendant appealed.

I.   Defendant in its first assignment of error com-
plains of the court's action in overruling the objection to
the introduction of any evidence under plaintiff's peti-
tion, for the reason that the same does not state facts
sufficient to constitute a cause of action.   We fail to
discover any ground whatever for this contention.
Defendant's counsel seems to attack the petition on the
ground that the contract sued on (and which is filed as
an exhibit) provides for the sale of other bonds in addi-
tion to those mentioned in the petition.   But, however
that may be, it furnishes no fault as to the face of the
petition.   The exhibits filed along with the petition
constitute no part thereof.   Its sufficiency must be
determined by its face—by its contents—and can neither
be aided nor destroyed by any accompanying exhibit.
This petition contains every necessary element in a suit
for goods sold and delivered as per contract, alleges
the agreement for the sale of a certain article at a certain
price, delivery of the article, in pursuance thereof, stat-
ing a balance due, and asks judgment therefor.

II.   The next matter complained of is in words of
counsel that "the court erred in excluding as evidence
the various letters which passed between plaintiff and
defendant, showing the nature of the transactions
between them, and their understanding from time to
time of their said bond transaction."   We cannot
undertake to pass on the question, for the very apparent
reason that we are not furnished by the appellant in its
abstract with the contents of said "various letters."
Hence, we cannot say that the exclusion thereof was
proper or improper.   On page 21 of the abstract all
that is said as to letters offered is this:   "Defendant
offered letters of N. C. Merrill, dated September 19,
September 21, September 24, October 2, October 5,
October 7, October 8, October 17, October 23, November
6, November 8, November 8, November 28, showing
correspondence about refunding of the bonds.   All
excluded; defendant excepts."   It would seem hardly

necessary so often to remind attorneys practicing in this court that rule 15 (found in the back part of all our published reports) must be observed. It is there made the duty of the appellant in his abstract or abridgment of the record to set forth "so much thereof as is necessary to a full understanding of all the questions presented to this court for decision," etc. Nor, it would seem, is it necessary to again declare (as have all the appellate courts in this state) that we will not go into and examine the transcript, and fish out the matter which "is necessary to a full understanding of the questions presented" for decision. So then, if the appellant here desired to have us to review the ruling of the court below in rejecting certain evidence, that proffered evidence should have been, at least substantially, set out in its abstract.

III.   A further complaint is, that "the court erred in excluding as evidence the verbal conversation, contract and agreement had between plaintiff and defendant at Kansas City on September 12, 1889." During the progress of the trial, defendant attempted to prove by a witness on the stand that in September, 1889 (some time after the original written contract was entered into), plaintiff and defendant's managing officer met in Kansas City and orally agreed upon a modification or amendment of the old contract. The court inquired if there was any consideration for such new or modified contract, and, the defendant's counsel failing to claim or to make proof of any, the court sustained an objection to such evidence. In addition to this, plaintiff's counsel, in his brief and supplemental abstract, asserts that in the original answer no such new or modified contract was pleaded, and that when these questions were first propounded the amended answer had not been filed. This being true then it is clear that the court ruled properly in this matter. By failing to deny under oath the execution of the contract declared on in petition its execution stood confessed.

R. S. 1889, sec. 2186. And, if, while confessing the execution of the contract sued on, defendant would rely on a new or modified contract subsequently entered into, then it should have set up the same in its answer. And, if said original contract was attempted to be rescinded, changed or modified in any way, it could only be accomplished by a new agreement supported by some new consideration.

IV. The further assignments of error (numbered 4, 5 and 6) relate to the giving and refusing instructions, but from the faulty manner of presenting the same we cannot say whether or not the court erred. For instance in assignment 4 it seems defendant's counsel makes some objections to instructions given at the request of plaintiff; but such instructions are not set out anywhere, in abstract or brief; and, hence, not having the same before us, it is impossible for us to say whether such instructions were properly or erroneously given. And in the assignments of error, numbered 5 and 6, complaint is made of the court's refusal to give defendant's instructions 3 and 5, when it does not appear from the abstract that they were refused. The showing is that such instructions were *offered*, but it is not said whether they were given or not. Besides it may be that other instructions given by the court duly and properly presented all the law of the case, and that these instructions (said to be refused) were wholly unnecessary; and, since we are not informed as to what were given, we are justified in the conclusion that these offered instructions were properly rejected. In order to a full understanding of the court's action in this regard, all the instructions given by the court should be exhibited to us.

Since then from this imperfect record we can discover no reversible error, the judgment of the circuit court must be affirmed, and it is so ordered. All concur.