T. J. EMMERT, Respondent, v. ROBERT S. MEYER, Appellant.

Kansas City Court of Appeals, March 23, 1896.

1. Bills and Notes: PLEADING: FRAUD. A petition by an indorsee on a promissory note declared that the note was indorsed for value before due, and was due and unpaid at the institution of the suit. The answer admitted all the allegations of the petition but set up fraud by the original payee in the procurement of the note. *Held,* plaintiff was entitled to judgment since the pleadings admitted he was an innocent purchaser for value before maturity.

2. Pleading: CONSTRUCTION: PRAYER: EXHIBITS. In the testing of pleadings, and the legal effect thereof, courts pay no heed to the prayer for relief or exhibits.

3. ———: ANSWER: REPLY. A reply to new matter set out in the answer does not make it effective to defeat the cause of action confessed in the answer.

4. ———: STATUTE: NOTICE. Section 2090, Revised Statutes, 1889, has no application to the pleadings in this case since section 2091 provides that the former section shall not be applied to negotiable instruments.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*John Kennish* and *S. F. O'Fallon* for appellant.

(1) If the plaintiff failed to demur to the new matter set up in the answer, and replied to the same, thereby putting the new matter in issue, he certainly should not be allowed on the trial to ignore that issue, thereby misleading the defendant. In any event, after the plaintiff introduced the note in evidence, the defendant then had the right to show failure of consideration.

VOL. 65 app—39

Section 2090, Revised Statutes, 1889, plainly gives this right. (2) The note introduced in evidence is the foundation of the action, and being nonnegotiable, is subject in the hands of the plaintiff to any and all defenses, which might have availed against it at the time of its transfer to plaintiff. *Brockhaus v. Schelling*, 52 Mo. App. 82; *Clark v. Barnes*, 58 Mo. App. 672; R. S. 1889, secs. 2052, 2054 and 2057.

*L. R. Knowles* and *John W. Stokes* for respondent.

(1) The appellant in his brief has devoted much time and energy and quoted many authorities to prove that the note sued upon is a nonnegotiable note, and that there can be no innocent purchaser of such paper. This labor was unnecessary, as the note must be considered out of sight in determining the questions in controversy in this case. (2) "It is the settled law in this state that exhibits filed along with a petition constitute no part thereof; its sufficiency must be determined by its face, by its contents, and can neither be aided nor destroyed by an accompanying exhibit." *Morrill v. Trust Co.*, 46 Mo. App. 236; *Pomeroy v. Fullerton*, 113 Mo. 440; *Femrick v. Bowling*, 50 Mo. App. 516. (3) It is the law and practice in this state, as well as a general principle, that the issues have nothing to do with the prayer for relief. It is made by the affirmance and denial of some fact or facts, or by the denial of some legal proposition which is implied in the statement. Bliss on Code Pleading, p. 162; R. S. 1889, secs. 2039, 2049. (4) No proof need be offered of a fact admitted in the pleadings. Whether true or false, such facts when admitted must be considered as true for the purpose of the trial. *State ex rel. v. Maloney*, 113 Mo. 367. Then the question resolves itself into this proposition: Leaving out of view the exhibit and

prayer of the petition, was there anything to try, any issue joined by the pleadings? The appellant complains of the action of the court in holding the note negotiable. The real difference between the appellant and the court seems to be this: The court had in view the note as plead in the petition and admitted in the answer, while the appellant insists upon digging up the note filed as an exhibit. (5) The appellant also contends that because the note was offered in evidence, this should have given them the right to offer their new matter in the answer. This is equally untenable. Facts admitted need not be proven for the purposes of the trial; such facts must be taken as true. *State ex rel. v. Maloney,* 113 Mo. 367. Now, if proven in any other way on trial it could not add to, or take from, what had already been established, and hence unnecessary.

GILL, J.—This suit is on a note. The petition alleges: ''That the defendant on the second day of May, 1893, by his negotiable, promissory note of that date, by him duly executed at the city of Mound City, in the state of Missouri, promised, for value received, to pay Miller & McPherson, or order, in one year after date thereof ($107.50) one hundred and seven dollars and fifty cents; that thereupon and before the maturity of said note, said Miller & McPherson indorsed the same in writing across the back thereof, and delivered the same to the plaintiff for value, whereby the plaintiff became the owner of said note and entitled to the payment of the amount mentioned. Plaintiff states that he is still the owner of said note and that the same has long since matured and become due and payable, but no part thereof has ever been paid,'' etc.

To this petition the defendant answered, admitting the allegations of the petition and setting up as a de-

fense to said note that the same was obtained by a fraud from him by the payees in said note, Miller & McPherson, and that there was no consideration from Miller & McPherson to defendant.

A reply denying the new matter set up in the answer was filed.

At the trial the plaintiff introduced the note and rested. Thereupon defendant went upon the stand as a witness in his own behalf, but plaintiff's counsel objected to the introduction of any evidence on defendant's part, on the ground that plaintiff's cause of action was confessed as pleaded, and there was no issue to try. The court sustained the objection and at plaintiff's request instructed the jury to return a verdict for the plaintiff for the amount of the note and interest; which was done, and from a judgment thereon defendant appealed.

The sole question is whether or not the plaintiff was entitled to judgment on the face of the pleadings. The circuit court held that he was and we think correctly. The petition alleged and the answer confessed that defendant executed to a third party a negotiable promissory note; that said note was, before due and for value, assigned by the payee to the plaintiff; and that said note was, at the institution of the suit, past due and unpaid. These facts admitted, it was wholly immaterial what fraud said payee may have practiced on defendant at the time the note was executed, since it was admitted that plaintiff was an innocent purchaser for value, before maturity. It is also well established that in the test of pleadings and the legal effect thereof, the courts pay no heed to the prayer for relief or to exhibits filed. *Merrill v. Central Trust Co.*, 46 Mo. App. 236. Such instruments constitute no part of the pleading. The mere fact that plaintiff filed a reply to the new matter set up in the answer did not increase

the importance of such new matter and make it effective to defeat the cause of action set out in the petition and confessed in the answer. Nor was this confession avoided by the introduction of the note in evidence.

Section 2090, Revised Statutes, 1889, has no application here. It was not intended by that section to abrogate the plaintiff's right to a judgment on pleadings which confessed such right. It is moreover expressly provided in the section following (2091) that nothing contained in said section 2090 "shall affect or impair the right of any *bona fide* indorsee of any contract in writing made negotiable by the laws of this state, when such instrument shall be negotiated before it becomes due." The defendant, in the most solemn manner, admitted in his answer that plaintiff was the *bona fide* holder, for value, of a negotiable promissory note, indorsed to him before due, and that it was unpaid. This shut out all such defenses as defendant sought to interpose in this action.

None of the reasons set out and assigned for reversing the judgment are well taken, and it will therefore be affirmed. All concur.