JOHN S. POINDEXTER, Defendant in Error, v. JAMES McDOWELL et al., Plaintiffs in Error.

Kansas City Court of Appeals, February 6, 1905.

1. **BILLS AND NOTES: Evidence: Varying Contract.** No contemporaneous verbal agreement adding to or varying a written contract can in any manner affect such contract except in cases of fraud, accident or mistake.

2. ————: **Contemporaneous Agreement: Reading.** The fact that one signed a note supposing the same to be paid in a certain manner is not such mistake as to excuse him, since he is presumed to have read the note.

3. ————: ————: **Fraud.** Where an assured gives his note for the premium with the agreement that the insurer would loan him five thousand dollars to lift certain mortgages and pay the note, the failure to make the loan does not constitute a fraud in procuring the note.

4. ————: Defense: Peremptory Instruction: Trial Practice.
Where the defendant fails in his defense against his note it is
the duty of the trial court to peremptorily instruct the jury in
favor of the plaintiff.

Error to Moniteau Circuit Court.—*Hon. Jas. E. Hazell,*
Judge.

AFFIRMED.

*L. F. Wood* for plaintiff in error.

(1) The appearance of defendants before the jus-
tice was a plea of the general issue, which includes
fraud, misrepresentation and failure of consideration.
Harnsby v. Stevens, 65 Mo. App. 189. (2) In his
petition the plaintiff says that he is an innocent
purchaser for value before maturity. This is an
"express aider" and plaintiff assumed the affirma-
tive of the issue he thus makes. Henry v. Sneed, 99
Mo. 424. (3) It will not be denied by anybody that
if defendant's evidence is to be believed, the notes had
their inception in the grossest fraud. (4) The court
erred in taking the case from the jury. Johnson v.
McMurry, 72 Mo. 278; Kenny v. Railroad, 80 Mo. 578;
Ehret v. Railroad, 20 Mo. App. 260; Campbell v. Hoff,
129 Mo. 324; Hamilton v. Marks, 63 Mo. 167; Whaley
v. Neill, 44 Mo. App. 316; Ganz v. Winebrenner, 66 Mo.
App. 110; Gannon v. Gas Co., 145 Mo. 517; Samuel v.
Potter, 28 Mo. App. 369; Smith v. Mohr, 64 Mo. App.
45; De Greer v. Pryor, 53 Mo. 313; Gooch v. Holland,
30 Mo. App. 454; Jenks v. Glenn, 86 Mo. App. 329.

*R. M. Embry* for defendant in error.

(1) The testimony of plaintiff is that he bought
the notes before maturity, paid a valuable considera-
tion for same, and that he knew nothing about the
transaction between F. A. Dickey, the payee, and the
defendants who are the makers of the note. The de-
fendant, James McDowell, testifies that if plaintiff,

Poindexter, knew about the transaction it was unknown to him. In such cases it is proper to take the case from jury by peremptory instruction. Bank v. Hainlain, 67 Mo. App. 483; Woolner v. Levy, 48 Mo. App. 469; Powell v. Powell, 23 Mo. App. 365; Hamilton v. Marks, 63 Mo. 167; Bank v. Schoen, 56 Mo. App. 160; Mayes v. Robinson, 93 Mo. 114. (2) It is the rule that a court should not submit a case to a jury when the verdict will not be permitted to stand if rendered against the evidence and this though there may be a mere scintilla of evidence. Morgan v. Durfee, 69 Mo. 469; Powell v. Railroad, 76 Mo. 80; Ruchenbach v. Ellere, 115 Mo. 588.

ELLISON, J.—This action is based on two negotiable promissory notes given to one Dickey and by him transferred to plaintiff before maturity for value. At the close of the evidence for both parties the trial court directed a verdict for plaintiff.

The only question for consideration is the propriety of the peremptory instruction given in plaintiff's behalf. The undisputed evidence showed that the notes were given for premium on a life insurance policy which defendant McDowell took out through Dickey, the agent of the insurance company. That they were transferred to plaintiff for value before maturity. There can be no possible question but that plaintiff's case, as made by evidence in his behalf, demanded a verdict from the jury unless it was met by some legal defense in the evidence introduced by defendants.

Defendants admitted they gave the notes for a life policy, but that the agent, Dickey, verbally agreed at the time that his company would loan McDowell five thousand dollars at five per cent interest with which the latter could take up a mortgage then on his farm at a higher rate of interest; and that the notes in suit were to be paid out of the money so to be loaned to defendant by the company. It is familiar law that no

contemporaneous verbal agreement adding to, or varying, a written contract can, in any manner, affect such contract. It has been so often pointed out that to permit such thing to be done would destroy all written agreements, that we need not recite the policy or reasons for the rule. The rule is subject to exception in instances of fraud, accident or mistake. There is no pretence of any accident in this case. The only mistake suggested is that the notes were due in one year from date and that McDowell did not notice that when he signed them, but supposed they were to be due immediately and were to be paid out of the money he said he was to borrow from the insurance company. That, of course, was no excuse for him. He is presumed to have read the notes. [Crim v. Crim, 162 Mo. 544; Railroad v. Cleary, 77 Mo. 634; O'Bryan v. Kinney, 74 Mo. 125. There was, therefore, no mistake shown of which the law can take notice.

As to fraud, there was nothing shown that in the least tended to support that idea. The most that can be said is that if Dickey made the verbal agreement that the company should loan the money, that such agreement has not been carried out. There is nothing in the case which suggests, even remotely, that there was any fraud, trick or device in obtaining the execution of the notes. [Johnston v. Ins. Co., 93 Mo. App. 588; Catterlin v. Lusk, 98 Mo. App. 182.]

We may concede fully every thing offered by defendants and permit every reasonable inference to be drawn therefrom and, yet, under the law, there was no defense. It was therefore the bounden duty of the court to take the action it did and give the peremptory instruction. [Bank v. Hainline, 67 Mo. App. 483; May v. Crawford, 150 Mo. 504, 527.]

We have gone carefully over the evidence presented and the argument of counsel and have concluded that the judgment was manifestly for the right party, and hence order its affirmance. All concur.