FIRST NATIONAL BANK of Lincoln, Nebraska, Appellant, v. J. C. BENNETT et al., Respondents.

Kansas City Court of Appeals, November 6 and December 4, 1905.

1. BILLS AND NOTES: Demurrer to Evidence: Appellate Practice. Plaintiff's evidence tended to show purchase before maturity without notice. Defendant's evidence tended to show fraud in the inception of the note sued on without contradiction of the plaintiff's good faith. *Held*, where there is no conflict in the evidence nor question as to the credibility of the witnesses and the legal effect of the evidence alone is in issue, a peremptory instruction may be given; but if there be doubt in the mind of the court in relation to the credibility of the witnesses the question should go to the jury; and the appellate court in cases of such closeness of the question as to whether the issue should be submitted, will usually defer to the action of the trial court.

2. ———: ———: ———. Where, at the trial the court gave the peremptory instruction and on motion for a new trial set aside the verdict, the appellate court will assume that upon reflection the trial court concluded the credibility of the witnesses was involved and became a question for the jury.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*W. H. Haynes* for appellant.

(1) The action of the court in giving the peremptory instruction on the part of the plaintiff was proper; and the court committed error in sustaining defendants' motion for a new trial. Bank v. Bank, 109 Mo. App. 665; Poindexter v. McDowell, 110 Mo. App. 233. (2) Plaintiff having proven the indorsement and ownership of the note, and no contradictory testimony being offered, then under the pleadings the peremptory instruction given at the request of the plaintiff is proper. Bank v. Haineline, 67 Mo. App. 483; Emmert v. Meyer, 65

First Nat. Bank v. Bennett.

Mo. App. 609; Bank v. Bank, 109 Mo. App. 665; Poindexter v. McDowell, supra. The answer does not in any respect aver or even intimate that there were any circumstances connected with the purchase and transfer of the note sufficient to put an ordinary prudent man on inquiry, nor was there any evidence offered to that effect. The defendants offered evidence only tending to prove fraud on the part of payee in note. (3) The rule that a purchaser is not an innocent holder if there are circumstances connected with the transfer sufficient to put an ordinary prudent man on inquiry, is uncertain and devoid of uniformity and no longer the prevailing law of this State. Hamilton v. Marks, 63 Mo. 167; Inv. Co. v. Fillingham, 85 Mo. App. 534; Bank v. Bank, 109 Mo. App. 665. This rule does not apply to negotiable paper. Jennings v. Todd, 118 Mo. 296.

*Hewitt & Hewitt* for respondent.

(1) There is one rule of universal and controlling efficacy. It is that, where substantive justice has been done, no new trial will be granted. The discretion of the courts consist in deciding this fundamental question. A judge, then, should never deny a question of this kind (new trial) unless he is satisfied that the merits of the case have been fully and fairly tested and determined. If he has a reasonable doubt on the subject he should decide in favor of the application. The general rule is that the court must be satisfied with the verdict, otherwise it is its duty to set it aside. Rickroad v. Martin, 43 Mo. App. 1. c. 603. The same principle was announced in Helm v. Bassett, 9 Mo. 1. c. 54. (2) The determination of a motion for a new trial is in the discretion of the trial court whose action will not be interfered with unless said action was arbitrary or clearly wrong. The general rule is that the trial court must be satisfied with the verdict. This is generally necessary in the administration of justice. Rickroad v. Martin, 43 Mo. App.

l. c. 603; Taylor v. Agricultural Co. 47 Mo. App. 257; Mfg. Co. v. Cunningham, 73 Mo. App. l. c. 382. (3) If the trial court's action in awarding a new trial can be sustained on any ground assigned in the motion therefor, then such action should be affirmed. Johnson v. Boonville, 85 Mo. App. 199. (4) Where the plaintiff introduces evidence on disputed issues, defendant is entitled to have the jury pass upon its credibility even though it stands uncontradicted. Seehorn v. Bank, 148 Mo. 256; Gannson v. Gas Co. 145 Mo. 502; Hugimen v. H. & Weissgerber, 97 Mo. App. 355, cases cited under par. 4 p. 352; Whitson v. Bank, 105 Mo. App. 605; Hahn v. Bradley, 92 Mo. App. 399. (5) By the answer the indorsement of the note was denied. It was also denied that the plaintiff was the bona fide owner and holder thereof. Also denied that plaintiff had paid or parted with anything of value for said note. These were issues of fact to be submitted to the jury, even though there had been no conflict of testimony developed. The trial court was in a better position then than this court is now to pass upon the matters raised by the motion for a new trial, having heard all the testimony in the cause. Questions of fact are for the jury, as questions of law are for the court, and the court cannot usurp the functions of the jury. Seehorn v. Bank, 148 Mo. l. c. 265; Gannon v. Gas Co., 145 Mo. l. c. 515, 516; Hugimen v. Weissgerber, 97 Mo. App. l. c. 353; Edwards v. Railway, 82 Mo. App. l. c. 486. (6) The evidence shows that the alleged purchase price of the note in suit was a credit check, and the amount deposited to the credit of the payee at the time, and the relationship of the bank to its depositors being that of debtor and creditor, then under the circumstances in this case plaintiff is not a bona fide holder for value of the note in suit. Utley v. Hill, 155 Mo. 232; Quatricha v. Farmers & Mechanics Bank, 89 Mo. App. l. c. 508; 4 Am. & Eng. Ency. (2 Ed.), p. 298; Bank v. Newell, 71 Wis. 309; Bank v. Huver, 114 Pa. St. 216; Dresser v. Construction Co., 93 U. S. 92.

BROADDUS, P. J.—The plaintiff is a national banking corporation located in Lincoln, Nebraska. The defendants are residents of DeKalb county, Missouri. The plaintiff's suit is founded on a negotiable promissory note executed by the defendants and payable to Watson, Woods Bros. & Kelly Co., a corporation engaged in the importation and sale of stallions. The petition alleges the purchase and assignment of the note before maturity for a valuable consideration. Petition also alleges that the mortgage was given to secure the payment of said note, upon a certain stallion, and judgment is asked for the amount of the note and interest, and for a foreclosure of the mortgage.

Defendant Dice files a separate answer admitting the execution of the note and alleging that he executed it as surety for his co-defendant Bennett. Defendant Bennett, in his answer, admits the execution of the note, but denies that plaintiff is the bona fide owner and holder thereof. For further answer he alleges that the consideration for the note represents the purchase price of a stallion, which was purchased from Watson, Woods Bros. & Kelly Co. by defendant; that said company are importers and dealers in fine stallions for sale to the public; that said company was aware of the fact that defendant wanted to purchase a stallion for breeding purposes; that it falsely represented that the said stallion was sound and warranted him to be, and that he would prove to be, a reasonably fair or average foal getter; that defendant relying upon said representation was induced to purchase said stallion, and sign said note and mortgage representing his purchase price; that said stallion was not sound at the time nor since, but was in fact unsound; that he was then and is now a cribber, otherwise known as a stumpsucker; that defendant soon after he received said horse discovered that he was not sound but a cribber; that defendant notified said company of his unsound condition, whereupon said company notified defendant that, if the horse was

not sound, it would make him sound, thereby inducing defendant to retain him; and that said horse proved wholly worthless as a foal getter.

The evidence of plaintiff was that it bought the note for its face value including interest to the date of purchase, before maturity, and without any notice or knowledge whatever of the alleged fraud in its inception. The evidence of the payment for the consideration of the note was that plaintiff gave the company what was denominated a charge check, upon which the party could receive credit on his account or receive the money. The amount was credited on the bank book to its credit. The defendant introduced evidence tending to show the alleged fraud, but introduced none whatever to contradict that offered by the plaintiff as to the bona fides of the purchase of the note. The court gave an instruction to the jury to the effect that, under the pleading and evidence, they should find for the plaintiff. In due time, defendant filed a motion for a new trial, which was by the court sustained, and plaintiff appealed. Plaintiff contends, as there was no evidence contradicting the showing made that the note was purchased before maturity without notice of the alleged fraud, that it was entitled to the peremptory instruction given, and that the action of the court in setting aside the verdict of the jury was erroneous. Plaintiff cites in support of its contention Bank v. Bank, 109 Mo. App. 665, and Poindexter v. McDowell, 110 Mo. App. 233. Both those cases were determined by this court. But they do not sustain plaintiff's contention. Their purport is that, where there is no conflict in the evidence and the credibility of witnesses not involved, it becomes a question of law. They are based upon the legal effect of the testimony and not upon its credibility. In Emmert v. Meyer, 65 Mo. App. 609, it was admitted that plaintiff purchased the note before maturity without any notice of the fraud of the payee in the procurement of the same. The court held that it was a question of law and not of

fact; and that plaintiff was entitled to a verdict. In Bank v. Hainline, 67 Mo. App. 483, it is held that, "Possession of a note regularly indorsed entitles the holder to recover. When, however, its inception is shown to have been in fraud, the maker should prevail, nothing further appearing; but, if he shows by uncontradicted testimony his bona fides and purchase before due, he is entitled to judgment and there is nothing to submit to a jury. And further, "In a case, where the evidence so far as appears by the record is uncontradicted and the trial court nevertheless refuses the peremptory instruction, the appellate court will assume that the trial court saw something in the manner of the witnesses to impair their testimony and will not interfere with the verdict. On the other hand, if apparently unquestioned evidence is followed by a peremptory instruction, the appellate court will assume that there was nothing to impair the force of the testimony and will refuse to interfere. The opinion in that case by Judge ELLISON collates the authorities on the question and the conclusion arrived at appears to be the only safe rule in such cases.

The plaintiff's witnesses, apparently, did not at times frankly answer questions propounded to them by defendants' counsel; and at other times made statements that, afterwards, they changed or amended. Had the court adhered to the instruction directing a verdict, under the rule, we would not have been authorized to interfere with its action, because we were bound to assume that there was nothing in the conduct of the witnesses to call in question their credibility. On the other hand, as the court did not adhere to said instruction but granted a new trial, we are also to assume that the court, upon reflection, came to the conclusion that the credibility of said witnesses was involved, a question upon which the defendants were entitled to the opinion of a jury.

The case fairly illustrates the rule we have been

trying to make clear. McAfee v. Ryan, 11 Mo. 365, and Memphis v. Matthews, 28 Mo. 248, also forcibly illustrate the rule. See also Pritchard v. Hooker, 114 Mo. App. 605.

There may be decisions of this court, although none have been called to our attention, that are not in harmony with the views herein expressed; if there should be, they ought to be disregarded.

Other points raised by defendants are immaterial. For the reasons given, the cause is affirmed. All concur.