## R. M. JENKS, Appellant, v. WELLINGTON GLENN, Respondent.

### Kansas City Court of Appeals, December 17, 1900.

Promissory Note: INNOCENT PURCHASER: PAYMENT: EVIDENCE: PEREMPTORY INSTRUCTION. The evidence is reviewed and the action of the trial court in submitting the question of the ownership of the indorsee of a promissory note and the question of the payment of the note to the original payee were probably submitted to the jury, notwithstanding plaintiff's witnesses as to the ownership, were unimpeached and uncontradicted.

Appeal from the Worth Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*Lingenfelter & Hudson* for appellant.

The court erred in refusing to give the peremptory instruction offered by the plaintiff at the close of the testimony to find for the plaintiff.

*Benson & Peery* for respondent.

No brief filed for respondent.

ELLISON, J.—This action is based on a negotiable promissory note executed by defendant to one Collins and by the latter sold and indorsed to plaintiff, he, plaintiff, claiming that he purchased it in the ordinary course of business, in good faith, for value, and before due. Defendant denies such purchase was in good faith and claims payment to Collins. The verdict and judgment in the trial court were for defendant.

Plaintiff complains of the court's refusal of his peremptory instruction requiring a verdict for him. He contends that conceding the defendant may have paid the amount of the note to Collins, yet he was at that time the innocent holder and that there was no evidence to authorize the jury to find the contrary. The plaintiff gave his deposition wherein he testified that he purchased the note in good faith, for value, before it was due and that he had no notice of it having been paid. In other words, that he was an innocent holder for value of a negotiable instrument purchased before maturity. No witness testified to the contrary and plaintiff was not impeached.

We held in Bank v. Hainline, 67 Mo. App. 483, that in such case where the witness for plaintiff was absolutely unimpeached and uncontradicted by fact or circumstances, or in either the matter or manner of his testimony the trial court would be upheld in directing a verdict for plaintiff. And that we would also uphold the trial court in refusing such per-

Jenks v. Glenn.

emptory instruction on the presumption that that court saw something in the conduct or manner of the witness or his relation to the cause or the parties which justified the submission of his testimony to the judgment of a jury. On the reasoning of that case and the authorities cited therein, we must uphold the action of the trial court in this case in refusing plaintiff's peremptory instruction.

In this case we are not left altogether to a presumption that the court saw from the circumstances developed in the trial that which would persuade it to submit the testimony to the jury. The plaintiff's testimony was by deposition but there are expressions used in stating facts which are at least unfortunate. In answering whether he was the owner of the note he says: "I expect I am." When asked if it had ever been paid he answered: "Not to my knowledge." When asked if he had collected a part of it he answered: "Not that I remember of." He did not know the defendant's financial condition when he bought of Collins without recourse. He seemed to be closely allied in some business matters with Collins and the latter was active in advising with plaintiff's attorneys, though he says he was wholly disinterested. These and other similar matters were ample justification for the trial court to refuse the instruction.

The instructions for defendant are not subject to criticism. Number two, of which chief complaint is made, is unobjectionable. It merely directed that if defendant himself or through other parties paid the note to Collins with lumber, and Collins was the owner of it, the verdict should be for defendant. It is insisted that the witnesses to the lumber payment did not know whether at that time plaintiff may not have been the owner and that there was no evidence that plaintiff was not the owner at that time. But the hypothesis of Collins being then the owner could be justified from two con-

ditions of the evidence; one. affirmatively that Collins was the owner, and the other that plaintiff was not. And we have already seen that the jury was properly left to decide whether plaintiff was ever the owner.

A full consideration of the record leads to the conclusion that we can not disturb the result and the judgment will be affirmed. All concur.