ROBERT PRITCHARD, Respondent, v. HOOKER & NIXDORF, Appellants.

Kansas City Court of Appeals, November 6, 1905.

1. FRAUDULENT CONVEYANCES: Chattel Mortgage: Sale. A provision in a chattel mortgage permitting the mortgagor to sell the property and apply on the debt, does not render the mortgage fraudulent.

2. CHATTEL MORTGAGE: Conversion: Possession. Where the mortgagor has authority to sell the mortgaged property, the mortgagee cannot sue a third person found in possession of the mortgaged property for conversion without showing that he is a trespasser devoid of right derived from the mortgagor or his vendee.

3. EVIDENCE: Receipt: Hearsay. A receipt between third parties is mere hearsay and is not competent evidence.

4. **TRIAL PRACTICE: Demurrer to Evidence: Value: Opinion.** Expert evidence is but advisory and, though uncontradicted, its accuracy should not be assumed by the court, but the jury under appropriate instructions should pass upon it.

Appeal from Miller Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

*Barney Reed* and *W. S. Pope* for appellant.

(1) The instruction, in the nature of a demurrer to the testimony, should have been given for the reason that it appears on the face of the mortgage that the mortgagor was to retain possession of the property and sell and dispose of the same and turn the money over to the plaintiff, who was the mortgagee. Mercantile Co. v. Perkins, 63 Mo. App. 314; Randol v. Buchanan, 61 Mo. App. 445; Bryan v. Johnson, 93 Iowa 423; Warren v. Creditors, 3 Wash. 48; Filgo v. Bank, 38 S. W. 237. (2) He fails to identify the property at Bagnell as the property mortgaged to him and fails by any competent testimony to connect defendants with the ties or any conversion thereof, and for that reason defendant's demurrer to the testimony should have been sustained. Parker v. Rodes, 79 Mo. 88; Swinney & Gouty, 83 Mo. App. 549; Littlefield v. Lemley, 75 Mo. App. 511; Kramp v. Brewing Assn., 59 Mo. App. 277; Charles v. Patch, 87 Mo. 450; Thomas v. Pump Co., 28 Mo. App. 563; Pope v. Boyle, 98 Mo. 527; Drenham v. Joyce, 129 Mo. 51; Walker v. Martin, 8 Mo. App. 561. (3) The peremptory instruction to find for the plaintiff for $500 was not justified by anything in the case. Mosby v. Com. Co., 91 Mo. App. 500; Corbett v. Mooney, 84 Mo. App. 645; Vermillion v. LeClare, 89 Mo. App. 63; Gannon v. Gas Light Co., 145 Mo. 502; Seehorn v. Bank, 148 Mo. 256; Banking Co. v. Com. Co., 80 Mo. App. 442; Wolf v. Campbell, 110 Mo. 114; Mining Co. v. Ross, 135 Mo.

101; Thomas v. Ramsey, 47 Mo. App. 84. (4) Considering the fact that the debt secured by the mortgage was not due, and that only a portion of the ties claimed by plaintiff was in existence when the mortgage was given, and the other matter left uncertain by plaintiff, the amount of damage was certainly a question for the jury.

,Wm. Forman and D. E. Wray for respondent.

'(1) Where the mortgaged property has passed into the possession of a third person with actual notice of the mortgage, then such third person stands in the shoes of the mortgagor and his rights in respect to the mortgaged property as against the mortgagee are not different from those of the mortgagor. Johnson v. Hutchinson, 81 Mo. App. 299. (2) The appellants are in no position to question the validity of the chattel mortgage offered in evidence. The appellants are trespassers and wrongdoers. Appellants by their answer make no claim to the ties nor is there a shadow of testimony tending to prove that appellants had any interest in the ties whatever. Before appellants can be heard to allege the informality or legal insufficiency of the Williams mortgage to respondent, they must show some right to question the same. Bank v. Bank, 50 Mo. App. 96; Johnson v. Jeffries, 30 Mo. 423. (3) Although the chattel mortgage provides that Williams should run the ties to Bagnell and turn the money over to respondent, Robert Pritchard, yet when this clause is violated and the ties appropriated by trespassers and wrongdoers, then respondent was entitled to the possession of the ties and such wrongdoers are not entitled to question such right. Holman v. Lock's Adm'r, 51 Ala. 287; Broughton v. Atchison, 52 Ala. 62. (4) Where the witness of plaintiff is absolutely unimpeached and uncontradicted by facts or circumstances, or either in the matter or manner of his testimony, the trial court will be upheld in directing a verdict for the plaintiff. On the other hand,

the appellate court will uphold the trial court in refusing a peremptory instruction in such case, on the presumption that the trial court saw something in the conduct or manner of the witness, or his relation to the cause or the parties, which justified the submission of his testimony to the jury. Jenks v. Glenn, 86 Mo. App. 329; Bank v. Hainline, 67 Mo. App. 483; Magoffin v. Railroad, 102 Mo. 540.

JOHNSON, J.—Action for damages resulting from the conversion of 1875 railroad ties. Plaintiff recovered judgment in the sum of five hundred dollars and defendants appealed.

At the trial plaintiff claimed title to the property under a chattel mortgage, executed by James T. Williams, to secure the payment of a negotiable promissory note for $500, dated July 1, 1902, due six months after date, and payable to the order of plaintiff. The mortgage was duly filed for record August 30, 1902. The ties are alleged to have been converted by defendants on November 1st, following. The mortgage provided for the possession by the mortgagor of the property conveyed until condition broken, and authorized him to sell the ties and turn over to the mortgagee the proceeds thereof, for payment upon the debt secured. Plaintiff was the only witness introduced and defendants offered no evidence. At the conclusion of the evidence defendants unsuccessfully requested the direction of a verdict for them, and the court ordered a verdict for plaintiff in the sum of five hundred dollars, the amount sued for.

We do not agree with defendants that the mortgage, even as to creditors of the mortgagor (which defendants do not claim to be) is fraudulent upon its face, on account of the provision for the sale of the property before the maturity of the note. As the proceeds of any such sale are required to be applied upon the debt secured, the authority to sell cannot be construed as a provision for the benefit of the mortgagor.

The demurrer to the evidence offered by defendants should have been given for the reason that plaintiff failed in his proof in the following respects:

He testified that Williams took the ties to the town of Bagnell and delivered them to a tie company at that point. Plaintiff, after this, went to Bagnell and saw them in possession of one of the defendants, and thereupon served notice upon him, claiming ownership of the property. It is not shown that defendants did not acquire possession by purchase from the mortgagor or his vendee. True, defendants did not disclose their source of title, if they had any, and therefore asserted no claim under purchase through Williams, but the burden was upon plaintiff to establish by proof all of the facts constituting his cause of action, and among them was the fact that defendants' possession was wrongful. The fact alone that defendants were in possession, claiming ownership of the property, does not tend to prove that they did not rightfully obtain it from the mortgagor, who was, at the time, authorized to sell it.

And, further, no competent evidence appears from which the value of the ties, charged to have been converted, may be definitely ascertained. Plaintiff testified to the value of each tie and said that there were 1875 of them, but it appears, from his own admission, that his only source of information, as to the exact number, was a receipt given by the tie company to Williams. Plaintiff must recover, if at all, upon a showing that defendants were trespassers devoid of right derived from Williams or his vendee. If they were, then a receipt for the property, given to the mortgagor by his bailee, is hearsay evidence as to defendants and therefore incompetent.

Had these omissions in the essential proof been supplied, the court was not justified in directing a verdict for plaintiff, even with the fact before it that the testimony of plaintiff stood uncontradicted and unim-

114 app—39

peached. Evidently, the learned trial judge misunderstood the scope of our ruling in the cases of Bank v. Hainline, 67 Mo. App. 483, and Jenks v. Glenn, 86 Mo. App. 329. In those cases, we held that, when the facts disclosed by the evidence introduced by a party admit of but one interpretation and are not questioned by the opposite party, and the witness by which they are established is not impeached, the court may in its discretion, according to its view of the credibility of the testimony, either submit them to the jury or peremptorily direct a verdict based upon their verity.

But the facts of this case do not justify the application of the rule. Plaintiff is seeking to recover the value of converted property. He first testified that the ties were worth twenty-four cents each at the time of conversion, and then, prompted by the suggestion of counsel, said they were worth thirty-four cents. Overlooking the doubt thus thrown upon the correctness of his statement, his testimony, as to value, was necessarily opinion evidence. [Tate v. Railroad, 64 Mo. 149; Stevens v. Springer, 23 Mo. App. 375; Missouri Fire Clay Works v. Ellison, 30 Mo. App. 67.] Expert or opinion evidence is but advisory, and, though uncontradicted, its accuracy should not be assumed by the court, as was done in the giving of this instruction. The jury, under appropriate instructions, should have been permitted to assess the damages.

We will add that none of the other substantive facts dependent for proof upon the testimony of plaintiff and the reasonable inferences to be drawn therefrom appear in the record before us to be so indubitably settled as to warrant the court in withdrawing them from consideration of the jury. Though evidence be uncontradicted, if a reasonable doubt may be entertained of the accuracy of the knowledge of the witness relative to facts asserted by him, an issue is raised that should go to the jury. The judgment is reversed and the cause remanded.