ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1914.

---

(*Continued from Volume 181.*)

---

FEHRENBACH WINE & LIQUOR COMPANY, Respondent, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, June 13, 1914.

1. INTOXICATING LIQUORS: Forbidden in Indian Country: Transporting Into: Seizure: Scope of Authority. Sec. 2140, Revised Statutes of the United States authorizes federal officers to seize and destroy any spirituous liquors" found in the Indian Country," except such as may be introduced therein by the war department. The authority conferred is confined to the "Indian Country" and federal officers are not thereby authorized to seize and destroy such liquors in another State, however close such State may be to the prohibited territory although it it is intended later to transport such liquor into the prohibited territory.

2. ———: Indian Country: Seizure of Importation: Restricted Territory. Defendant railroad company had in its custody certain spirituous liquors for transportation to a State in close proximity to the Indian Country into which territory it is forbidden by the statutes of the United States to carry such liquor. The liquor was seized and destroyed by a federal

officer. Such destruction was not a good. defense to an action against the defendant railway for the loss or conversion of the liquors.

3. **CARRIERS: Action Against for Goods Lost: Taken by Officer Illegally Not a Good Defense.** Defendant railroad company had in its custody for transportation into a state in close proximity to the prohibited line of the Indian Country certain spirituous liquors. The same were seized and destroyed illegally by a federal officer. The carrier cannot escape liability for the loss on the ground that it acted in good faith in surrendering the liquor to the officer nor will the fact that the liquor was taken by force by such officer relieve defendant from such liability.

4. **CARRIERS: Of Goods: Liability as an Insurer.** A carrier of goods, subject to certain exceptions is an insurer of the safe transportation of such goods.

5. ———: ———: **Liability: Losses by Act of Officer: When a Defense.** Losses of goods by a carrier from the acts of public authorities, inclusive of a valid exercise of the police powers against intoxicating liquors introduced for use or sale in violation of law, is one of the exceptions to holding a carrier liable as an insurer for goods intrusted to it for shipment. Yet to constitute a valid defense such officer must have been vested with the proper legal authority for such acts at the time and place of seizure.

6. **CARRIERS: Loss of Goods by Illegal Act of Officer: Carrier Liable.** An officer who seized and destroyed without legal authority certain spirituous liquors in possession of a carrier was a mere trespasser and the carrier was not excused from liability for the loss of the liquors on account of such seizure and destruction.

7. **JURY: Trial by: Right to: Erroneous Discharge of Jury.** In an action against a carrier to recover a certain sum of money because of loss of goods, the Constitution, Art. 2, sec. 28, guarantees a right of trial by jury. Sec. 1968, R. S. 1909, specially provides therefor. It was error for the trial court to discharge the jury without directing a verdict and take the case under advisement and later the court itself render a judgment for plaintiff.

8. **VERDICT: Direction of: When Not Proper: Questions for Jury.** Since the burden of proof is upon the plaintiff to establish his case, the general rule, though not without exceptions is that, where all the evidence adduced by plaintiff is oral even if there is no evidence introduced to the contrary, yet the court has no right or power to direct a verdict, as

the weight of the evidence and the credibility of the witnesses is for the jury.

9. **TRIAL: Questions for Jury.** Where the fact to be established is relative and uncertain, such as value, rather than fixed and definite, the evidence to establish same is advisory only and the jury must be permitted to pass on same.

10. **DAMAGES: Measure of: Loss of Goods by Carrier.** The measure of damages for loss of or damage to goods shipped or for failure to deliver same, is the market value of the goods at the point of destination. Where the freight has not been prepaid, this amount should be deducted.

11. **JUDICIAL NOTICE: Laws of Kansas: Prohibition Territory.** Judicial notice is not taken by Missouri courts that Kansas is prohibition territory and that intoxicating liquors have no market value there, because their sale is prohibited.

12. **JUDICIAL NOTICE: Laws of Sister State.** Courts of one State do not take judicial notice of the laws of a sister State.

13. **LAWS OF KANSAS: Presumption as to.** The State of Kansas never having been under common-law jurisdiction, Missouri courts will presume that the laws of that State are the same as the laws of Missouri.

Appeal from Jasper County Circuit Court, Division No. Two.—*Hon. David E. Blair*, Judge.

REVERSED AND REMANDED.

*Thomas R. Morrow, John H. Lathrop, George J. Mersereau* and *Henry L. Bright* for appellant.

(1) United States deputy special officer, T. E. Sisson, had lawful right to seize said liquor and take it out of the possession of the defendant and the defendant on that account is not liable for the loss of same. Sec. 2140, U. S. R. S.; Sec. 5750, Pierce's U. S. Code; Fed. Statutes Annotated, Vol. 3, p. 386. (2) The action of the court in discharging the jury without the consent of the defendant was a denial of the constitutional right of a trial by jury. Sec. 28, art. II, Constitution of Mo.; Kansas City v. Smith, 238 Mo. 323; Frowein v. Poage, 231 Mo. 82. (3) The denial of

the right of trial by the jury may be taken advantage of by motion in arrest of judgment and by motion for a new trial. Frowein v. Poage, 231 Mo. 82; Vaughn v. Scade, 30 Mo. 600; Cox v. Moss, 63 Mo. 432; Scott v. Russell, 39 Mo. 409; Brown v. Railroad, 37 Mo. 298; Briggs v. Railroad, 111 Mo. App. 168. (4) The defendant was entitled to have the jury determine the credibility of the testimony offered, even though it offered nothing to contradict that presented by plaintiff. The court could not assume as a matter of law that the testimony of the plaintiff was true simply because no one by words contradicted what had been uttered. Link v. Jackson, 156 Mo. App. 63; Wolff v. Compbell, 110 Mo. 114; Cleveland & A. M. & L. Co. v. Rose, 135 Mo. 101; Schroeder v. Railroad, 100 Mo. 322; Huston v. Tyler, 140 Mo. 252; Cannon v. Gas Co., 145 Mo. 502; Dalton v. Poplar Bluff, 173 Mo. 39; Bank v. Hammond, 124 Mo. App. 181; McCrosky v. Murray, 142 Mo. App. 133; Gordon v. Burris, 141 Mo. 602; Munroe v. Railroad, 155 Mo. App. 710. (5) The general rule is that in case of the loss or nondelivery of goods by a carrier, the measure of damages recoverable by the shipper, is the market value of the goods at the point of destination. Wilson v. Railroad, 129 Mo. App. 347; Atkisson v. The Castle Garden, 28 Mo. 124; Austin v. Packett Co., 15 Mo. App. 197; Rogan v. Railroad, 51 Mo. App. 665; Gray v. Railroad, 54 Mo. App. 671; Medicine Co. v. Railroad, 126 Mo. App. 455; Farwell v. Price, 30 Mo. 587; Rice v. Railroad, 3 Mo. App. 27; Blackmar v. Railway, 101 Mo. App. 557; Railroad v. Traube, 59 Mo. 355; Commission Co. v. Railroad, 80 Mo. App. 164; Warehouse v. Railroad, 124 Mo. App. 545. (6) In the absence of a special contract of shipment providing that the measure of damages should be the value of the goods at the place and time of shipment and in the absence of evidence showing the market value of the goods at the place of destination, the finding of the court should have been for.

nominal damages only.   Rogan v. Railroad, 51 Mo.
App. 665; Warehouse v. Railroad, 124 Mo. App. 545.

*Wolfe & Burnett* for respondent.

(1)  There is nothing in Sections 2139 and 2140
of the Revised Statutes of the United States author-
izing such deputy special officer to make searches for
and seizure of liquors outside of the Indian country
without warrant or process of law.   Evans v. Victor,
204 Fed. Rep. 361.   (2)  The pretended seizure and con-
fiscation of the liquor in question by said United States
Deputy Special Officer, acting under and by virtue
of his commission of appointment and nothing more,
was without warrant or process. of law and utterly
void.   6 Words and Phrases, 5643, 5644; 5 Words and
Phrases, 4069; Nickey v. Railroad, 35 Mo. App. 79;
Bennett v. Am. Express Co., 13 L. R. A. 33; Heyman
v. Railroad, 203 N. S. 270.   (3)  The action of the court
in the discharging of the jury at the close of all the evi-
dence was properly within its sound judicial discre-
tion, as all of the facts disclosed by the testimony of
both parties established without contradiction the
plaintiff's right to recover.   Bank v. Hainline, 67 Mo.
App. 483; Henley v. Globe Ref. Co., 106 Mo. App. 20;
Kingsbury v. Joseph, 94 Mo. App. 298; Ferguson v.
Venice Trans. Co., 79 Mo. App. 352; Straus v. Ameri-
can Chewing Gum Co., 134 Mo. App. 110; Morgan v.
Durfee, 69 Mo. 476; Hendrick v. Lindsay, 93 U. S. 143.
(4)  The constitutional right of appellant of a trial
by jury in a proper cause will not be questioned.   But
it is respondent's contention that the action of the
court in discharging the jury without the consent of
the defendant was not, in any sense, a denial of its
constitutional right of a trial by jury.   Ferguson v.
Venice Tr. Co., 79 Mo. App. l. c. 361.   (5)  Where the
defendant's evidence proves no defense, the court
should direct a verdict for the plaintiff.   Poindexter

v. McDowell, 110 Mo. App. 233; Hester v. Lange, 80 Mo. App. 34; Mosby v. Commission Co., 91 Mo. App. 500; Stephens v. Barbers Supply Co., 67 Mo. App. 587; Crawford v. Staton, 131 Mo. App. 263; Alexander v. McNally, 112 Mo. App. 563. (6) The respondent was entitled to recover as his measure of damages the actual value of the goods in controversy. Railroad v. Chittim, 40 S. W. 23; City of St. Louis v. Niehaus, 236 Mo. 8.

STURGIS, J.—The plaintiff, a wholesale liquor dealer of Joplin, Missouri, sues defendant, a common carrier, for the loss or conversion of several shipments of whiskey received by defendant at Joplin for transportation to, and delivery at, Caney, Kansas. The defendant admits the receipt of the liquors for that purpose and its failure to deliver same and seeks to justify such failure by alleging and proving a safe transportation of the liquors to Caney, Kansas, and its seizure there while being held for delivery at its freight house by a special officer of the United States, acting under the power and authority conferred on him by Section 2140 of the Revised Statutes of the United States, and who took the same from defendant and then and there confiscated and destroyed the same. The United States statute referred to provides that if any such officer has reason to suspect or is informed that any person is about to or has introduced any spirituous liquors into the Indian country in violation of law, he may search the instrumentalities of transportation and places of deposit of such person and if any such liquor shall be found he may seize the same with the means of transportation and other goods of the offender and proceed against same by libel in the proper court; and that it shall be his further duty to take and destroy any ardent spirits *found in the Indian country,* except such as may be introduced therein by the War Department. The evidence shows

that the town of Caney is in the State of Kansas, but near the border between that State and the part of Oklahoma which is defined as Indian country and protected from intoxicants by said act of Congress. There is abundant evidence in the record to show that the liquor in controversy was intended to be taken across the line into the Indian country in violation of law and that the consignees would have so used it had it not been seized and destroyed before its delivery to them. The evidence shows that a duly commissioned officer of the United States exhibited his commission as such officer to defendant's agent having charge of its freight house and this liquor at Caney, Kansas, and thereupon took possession of the liquor in question, removed it from such freight house, wrote the word "confiscated" on the freight bills, and thereupon destroyed the liquor. The defendant's agent neither acquiesced in nor resisted the taking of the liquor in the manner above stated.

The defendant must fail in this defense, notwithstanding these facts, for the reason that any and all authority conferred by Section 2140 of the United States statutes is confined to acts performed in the Indian country. The act of Congress in question does not authorize a Federal officer to seize and destroy spirituous liquors in the State of Kansas, however near it may be to the prohibited line of the Indian country. The officer's jurisdiction in this respect is territorial and confined to the Indian country. Such is the ruling of the United States Circuit Court of Appeals for this circuit in the case of Evans v. Victor, 204 Fed. 361, where the court, in ruling that the land in the original town of Muskogee, Oklahoma, is not part of the Indian country, said: "It is conceded by counsel for defendants, and is settled by repeated decisions of the Supreme Court, that the power of the officers of the Interior Department, and of the officers of the army, to cause such searches and seizures is

limited by the terms and the true construction of sec-
tion 20 of the Act of 1834, and of sections 2139 and
2140 of the Revised Statutes, to searches and seizures
in the Indian country, and that they are without au-
thority to cause such searches and seizures outside the
Indian country . .. . The result is that the defend-
ants had no authority to make the search which they
made and those they threaten to make, unless the land
in the city of Muskogee on which the plaintiff's drug
store was located was in the Indian country.'' In
Bates v. Clark, 95 U. S. 204, 24 L. Ed. 471, where the
seizure of liquors at a place not in the Indian country
was sought to be justified under this act of Congress,
the court ruled: ''The plaintiffs below violated no law
in having the whisky for sale at the place where it
was seized; and the 20th section of the Act of 1834,
as amended by the Act of 1864, conferred no authority
whatever on the defendants to seize the property.''
[See also Clairmont v. United States, 225 U. S. 551,
56 L. Ed. 1201.]

Nor can defendant justify its action so as to relieve
itself of liability in surrendering the liquors in question
to the Federal officer on the ground that it did so in
good faith, believing that such officer had a right to
seize and take the same against its will. In fact,
defendant would not have been relieved of liability
had the liquors in question been taken from it by force.
In the case last quoted from, the Supreme Court of
the United States, in speaking of this point, said: ''But
the objection fatal to all this class of defenses is that
in that locality they were utterly without any authority
in the premises; and their honest belief that they had
is no defense in their case more than in any other,
where a party mistaking his rights commits a trespass
by forcibly seizing and taking away another man's
property. There was here no process from a compe-
tent court, nor any order from any source having au-
thority, and there is, therefore, no defense.'' The de-

fendant's liability for loss or destruction of this freight
while in its possession for transportation and delivery
is not grounded on negligence or want of due care. The
defendant, subject to certain well defined exceptions
not involved here, was an insurer against loss of the li-
quors in question. [1 Hutchinson on Carriers (3 Ed.),
sec. 265; 6 Cyc. 376 Davis v. Wabash Railroad, 89 Mo.
340, 349 (1 S. W. 327).] While losses from the acts of
public authorities, inclusive of a valid exercise of the
police powers against intoxicating liquors introduced
for use or sale in violation of law, is one of the well
recognized exceptions to holding a carrier absolutely
liable for goods intrusted to it for shipment, yet, it
is equally well recognized that in order to be a pro-
tection the officers seizing the goods must be vested
with the proper legal authority to do so at the time
and place of seizure. "If, therefore, he seize them
without the proper legal process, he will be a mere
trespasser and the carrier will be liable for his act."
[1 Hutchinson on Carriers (3 Ed.), Sec. 325; Nickey v.
Railroad, 35 Mo. App. 79; Bennett v. American Ex-
press Co., 83 Me. 236, 22 Atl. 159, 13 L. R. A. 33; Hey-
mann v. Southern R. Co., 203 U. S. 270, 51 L. Ed. 178.]

This case must, however, be reversed and re-
manded for these reasons: The case was tried to a
jury and after all the evidence was in the court, over
the objections and exceptions of the defendant, made
the following order: "Trial by jury begun and at the
conclusion of all the evidence the jury is discharged
by the court on the ground that no question of fact
is involved in the case, and the cause is submitted to the
court for further proceedings." The court, after dis-
charging the jury, took the case under advisement and
several days later entered a judgment stating, among
other things, that: "The trial of this cause is re-
sumed by the court. After hearing the remainder of
the evidence and being fully advised in the premises,
the court finds that the defendant is justly indebted

to plaintiff, etc." This is an action for the recovery of money only and in such cases the right of trial by jury is guaranteed by our Constitution, article 2, sec. 28, and is especially provided for by statute, section 1968, R. S. 1909. [Kansas City v. Smith, 238 Mo. 323, 141 S. W. 1103; Frowein v. Poage, 231 Mo. 82, 132 S. W. 241.] We do not deny the right of the court in a proper case to direct a verdict for either party to a cause. When the court does this, however, it is still the verdict of the jury and is quite a different procedure than discharging the jury, taking the case under advisement and later rendering a judgment by the court.

It is not necessary, however, for us to decide that in a case where the court should properly direct a verdict for plaintiff, it is a fatal error for the court to first discharge the jury and then render such a judgment as would be proper on the directed and returned verdict. In the present case the amount which plaintiff could recover depended on the value of the liquors lost and destroyed and this presented a question of fact for the jury. It is true that defendant offered no evidence on this point and that plaintiff's evidence as to the value was not contradicted, yet, the answer puts this in issue and the evidence was oral and by an interested witness. It is the established law in this State that, as the burden of proof is on the plaintiff to establish his case, where the evidence adduced is all oral and no evidence is introduced to the contrary, yet the weight of the evidence and the credibility of the witnesses is for the jury and the court has no right or power to direct a verdict. [Dalton v. Poplar Bluff, 173 Mo. 39, 47, 72 S. W. 1068; Hegberg v. Railroad, 164 Mo. App. 514, 147 S. W. 192; Dyer v. Tyrrell, 142 Mo. App. 467, 127 S. W. 114; Gordon v. Burris, 141 Mo. 602, 43 S. W. 642; McCrosky v. Murray, 142 Mo. App. 133, 125 S. W. 226; Link v. Jackson, 158 Mo. App. 63, 91, 139 S. W. 588.] Even

if we apply the rule that, in order to compel a submission to the jury of any issue where the evidence is all one way, the witnesses giving the evidence in support thereof must be interested or there must be something affecting the credibility of the witnesses or some circumstance of suspicion or doubt connected with the evidence warranting the court in permitting the jury to discredit or disbelieve the evidence; yet, in this case the evidence in support of plaintiff's case came from himself, an interested witness, whose reputation was impeached by proof of his conviction of a criminal offense. In such cases all the authorities agree that the court cannot direct a verdict. [Bank v. Hainline, 67 Mo. App. 483; Jenks v. Glenn, 86 Mo. App. 329; Pritchard v. Hooker & Nixdorf, 114 Mo. App. 605, 609, 90 S. W. 415; First National Bank v. Bennett, 114 Mo. App. 691, 695, 90 S. W. 417; Howard v. Hurst, 156 Mo. App. 205, 211, 137 S. W. 1; May v. Crawford, 150 Mo. 504, 51 S. W. 693] It is also the law that where the fact to be established is relative and uncertain, such as value, rather than fixed and definite, then the evidence to establish same is advisory only and the jury must be permitted to pass on the same. [Pritchard v. Hooker & Nixdorf, 114 Mo. App. 605, 610, 90 S. W. 415.]

The evidence adduced as to the amount of damages to be recovered related wholly to the value of the whisky at Joplin, the point of shipment. The law is well settled that the measure of damages against a carrier for loss or damage to goods shipped or failure to deliver same is the market value at the point of destination. [Railroad v. Traube, 59 Mo. 355; Wilson v. Railroad, 129 Mo. App. 347, 108 S. W. 612; Medicine Co. v. Railroad, 126 Mo. App. 455, 104 S. W. 588; Warehouse Co. v. Railroad, 124 Mo. App. 545, 102 S. W. 11; Blackmer v. Railroad, 101 Mo App. 557, 73 S. W. 913.] Under these authorities it is also held that if the freight has not been prepaid, then the amount due

the carrier should be deducted but we know of no reason for adding the same where it is prepaid. This rule as to the measure of damages has its exceptions, one of which arises where there is no market value at the destination; but there is no evidence on this point in the present record. We are asked to take judicial notice that all of Kansas is prohibition territory and that, as the sale of liquors is prohibited there, it can have no market value there. Courts of one State, however, do not take judicial knowledge of the laws of a sister State, and as Kansas was never under common law jurisdiction, the presumption is that her laws are the same as ours. [Flato v. Mulhall, 72 Mo. 522; Kollock v. Emmert & Co., 43 Mo. App. 566; Hardware & Mfg. Co. v. Lang, 54 Mo. App. 147; Witascheck v. Glass, 46 Mo. App. 209.]

Moreover, we think it will be found that whisky has a legitimate use and sale everywhere for medicinal and, perhaps, other purposes and we cannot conclude that it had no market or actual value at destination. It follows that, on the present state of the record, the plaintiff's recovery could not have been for more than nominal damages. [Rogan v. Railroad, 51 Mo. App. 665, 672; Warehouse Co. v. Railroad, 124 Mo. App. 545, 567, 102 S. W. 11.]

The case will, therefore, be reversed and remanded.

*Robertson, P. J.,* concurs in the result. *Farrington, J.,* concurs.