ROSCOE SHANNON, Respondent, v. WALKER D. HINES, Director-General of Railroads, Appellant.

Springfield Court of Appeals, December 16, 1920.

1. **INTOXICATING LIQUORS:** Shipmnt of Trunk Containing Whiskey Violation of law. Shipment of an unmarked trunk containing whiskey from one State to another, checked by a passenger, would be in plain violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., Sec. 10410), requiring that a package containing intoxicating liquors be labeled on the outside when shipped in interstate commerce.

2. **CARRIERS:** Transportation of Trunk Containing Intoxicating Liquors Properly Refused. When a carrier finds that an unmarked trunk checked by a passenger to another State contains intoxicating liquors in violation of U. S. Cr. Code (U. S. Comp. St., Sec. 10410), it may properly refuse to transport the same.

3. **INTOXICATING LIQUORS:** Contract to Transport Trunk as Baggage not Binding on Discovery of Fraud as to Contents. A Carrier in checking a trunk could rely on the implied representation that it contained only what could go as proper baggage, an on discovering that it contained articles which could not be carried as baggage under its tariff on file with the Interstate Commerce Commission, its contract to transport was not binding.

4. **CARRIERS: Could Refuse to Transport and Deliver in Dry Territory Trunk as Baggage Containing Whiskey.** When a railroad discovered that an unmarked trunk checked by a passenger traveling to dry territory contained intoxicating liquor in violation of U. S. Comp. St., Sec. 8739, it was excused from transporting and delivering the trunk and its contents in the dry territory.

5. **INTOXICATING LIQUORS: Revenue Officer Could Confiscate Whiskey Transported in Violation of Laws.** If an unmarked trunk checked by a passenger traveling to another State contained whiskey, seizure of the whiskey by a United States Revenue officer and its confiscation by him was a proper and lawful act, under U. S. Cr. Code, Sec. 240 (U. S. Comp. St., Sec. 10410).

6. **CARRIERS: Lawful Seizure of Liquor in Trunk Destroys Carrier's Liability for Failure to Transport and Deliver..** Where whiskey in an unmarked trunk, checked by a passenger traveling to another State was lawfully seized by a United States revenue officer, under U. S. Cr. Code, 240 (U. S. Comp. St., Sec 10410), the carrier's liability for failure to transport and deliver was thereby destroyed, though destruction of the whiskey by the officer was without authority of law.

7. **INTOXICATING LIQUORS: That Unmarked Trunk Contained Whiskey Did not Justify Seizing Other Contents..** That an unmarked trunk in interstate commerce contained whiskey in violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., Sec. 10410), did not justify a United States revenue officer in seizing and confiscating the trunk and other contents, where the whiskey could readily have been removed from the trunk and its other contents.

8. **CARRIERS: Not Relieved from Liability for Failure to Transport and Deliver Trunk and Contents Other Than Whiskey Where Illegally Confiscated by Government Officer..** Where a United States revenue officer seized a trunk which contained whiskey in violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., sec. 10410), and Confiscated the trunk and its other contents as well as the whiskey, when the whiskey could have been readily removed from the trunk and its other contents, the officer indicating at once an intention to confiscate not only the whiskey but the trunk and other contents, the mere fact of the seizure and confiscation did not relieve the carrier of liability for failure to properly care for the trunk and the contents other than the whiskey.

9. ———: **Duty of Care Owing Passenger as to Trunk and Contents Other than Whiskey Contained Therein.** Where passenger going to another State checked a trunk containing whiskey in violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., sec. 10410), and the trunk and contents were seized, the carrier, as to the trunk and

contents other than whiskey, was liable at least as a gratuitous bailee, and could be *held* responsible for gross negligence in handling and dealing with the trunk and its contents.

10. ———: Whether Proper Care was Exercised as to Trunk and Contents Other than Whiskey Held a Matter for the Trial Court. In an action to recover the value of a trunk and contents which defendant carrier failed to transport and deliver, a government official having seized the trunk by reason of its containing several bottles of whiskey in violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., sec. 10410), whether carrier exercised proper care as to the trunk and the contents other than the whiskey, *held*, a question for the trial court sitting without a jury; the government official having confiscated the trunk and other contents as well as the whiskey.

11. ———: Burden of Proof on Carrier to Show Exercise of Care as to Lost Trunk and Contents. In an action to recover the value of a trunk and contents which defendant carrier failed to transport and deliver, a government official having confiscated the trunk and contents by reason of its containing several bottles of whiskey in violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., sec. 10410), the burden of proof was on defendant carrier to show that it exercised proper care with reference to the property other than the whiskey, which was imposed on it as at least a gratuitous bailee.

12. ———: Passenger Limited to Agreed Valuation of Trunk Lost. Where plaintiff passenger cheked a trunk under an agreed valuation of $100, and the trunk was seized by a government official by reason of its containing whiskey in violation of U. S. Cr. Code, sec. 240 (U. S. Comp. St., sec. 10410), and the carrier was negligent in permitting the government official to dispose of the trunk and contents other than the whiskey, plaintiff could recover no more than $100, notwithstanding that his wrong in placing the whiskey in the trunk may have been changed the degree of care or other incidents of defendant's liability.

Appeal from Jasper County Circuit Court.—*Hon. Allen McReynolds,* Judge.

AFFIRMED.

*J. W. Jamison* and *A. E. Spencer* for appellant.

(1) "It is a condition of the validity of a bailment as in the case of contracts generally, that it shall not

be made in a manner, nor for an object, forbidden by statute or otherwise contrary to law or to public policy." 6 C. J. 1106, sec. 33. In 10 C. J. 282, sec. 401, the rule is stated as follows: " . . . according to the weight of authority a common carrier is not liable if the goods, without its fault, becomes obnoxious, under a statute or regulation promulgated under he police power of the State and are seized or destroyed by its authority. And if the officer has authority to seize the goods, the carrier is protected, although the officer thereafter destroys the goods, his act of destroying the goods is his own act with which the carrier has nothing to do. And the fact that the statute under which the goods are seized is unconstitutional will not render the carrier liable, if, at the time of the seizure, the statute had not been judicially declared unconstitutional." (2) Sec. 240 of the U. S. Crim. Code (10 U. S. Comp. Stat. 1916, sec. 10410, p. 12852) provides that, "Whoever shall knowingly ship, or cause to be shipped, from one State . . . into any other State . . . any baggage or package containing any spirituous . . . or other intoxicating liquor of any kind, unless such package be so labeled on the outside cover as to substantially show the name of the consignee, the nature of its contents and the quality contained therein, shall be fined not more than five thousand dollars; and such liquor shall be forfeited to the United States, and may be seized and condemned by legal proceedings as though provided by law in the seizure and forfeiture of property imported into the United States contrary to law." (a) Sec. 8739, 8 U. S. Comp. Stat. 1916, p. 9538, provides that: "The shipment or transportation in any manner or by any means whatsoever, of any spirituous . . . or other intoxicating liquor of any kind, from one State . . . into any other State . . . which said spirituous . . . or other intoxicating liquor, is intended, by any person interested therein, to be received, possessed, sold or in any manner used either in the original package, or otherwise, in violation of any law of such State, . . . is hereby prohibited." (b) The Laws of Texas (4 Called

Session 35th Legislature, p. 37) introduced in evidence, provides that the transportation within or importation into the State by any railroad, carrier, automobile, by private conveyance or otherwise . . . shall be unlawful. Also, that any person found guilty of violating any of the provisions of such act shall be deemed guilty of a felony and punished as provided. (c) "This is on the principle that the contract of the carrier is always subject to the implied condition that it may lawfully comply with its terms, and, if its performance subsequently becomes unlawful without its fault, it is not required to violate the law of the jurisdiction to complete its undertaking. Atkinson v. Ritchie, 10 East, 530, reprint 877. To same effect, Wells v. Maine, S. S. Co., 29. F. Cas. No. 17401, 4 Cliff. 228. The reason for such a rule it at once apparent; for to hold that a railroad company is bound to resist the lawful authority in protecting the goods of a shipper would be to lay down a doctrine dangerously approaching anarchy. Southern R. Co. v. Heymann, 118 Ga. 616, 622, 45 S. E. 491." (d) In Brick v. Atlantic Coast Line R. Co., 145 N. Car. 203, 58 S. E. 1073, the court states the rule as follows: "Where the baggage is not personal baggage, or, if such, when it is not the personal baggage of the passenger, it is a fraud on the carrier, unless that fact is made known and the baggage is notwithstanding accepted for carriage. Unless this is done there is no contract, and the liability of the carrier is that a gratuitous bailee, responsible only for gross negligence or willful injury. 1 Fetter, Carrier of Passengers, sec. 607, p. 1470c, 3 A. & E. Ency. 533. In such cases, negligence must be clearly shown and cannot be presumed by the mere fact of loss or injury, as in the ordinary case of loss of, or injury to, the personal baggage of a passenger, 3 A. & E. Ency. (2 Ed.), 542; Young v. Railroad, 116 N. C. 936, 21 S. E. 177." (e) In Toledo, etc. R. Co., v. Bowler, 83 Ohio St. 274, 58 N. E. 813, discussing this question, the court said: "The company may rely upon the implied representation that whatever is offered by the passenger as baggage goes under the contract to

carry. If it is not, it does not. Stimson v. Railroad, 98 Mass. 83'' . . . ''There can be no rule of public policy requiring a carrier of passengers to be responsible for the value of property injured by ordinary negligence while in his possession, where that possession has been had, not by reason of any contract, but by fraudulent concealment and misrepresentations. In the affairs of life, negligence is less pernicious than deceit. Cheating cannot have a preferred claim upon justice, even as against negligence. Taking it by and large, a careless person is less dangerous to his fellows than a cheat; and it is not wise to carry the condemnation of negligence to the point of rewarding fraudulent concealment, especially where the result would work a gross injustice. Such concealment, in a case like the one at bar, enhances the risk of the carrier without his knowledge. It exposes him to the hazard of incurring a different liability than that he has agreed to assume—a liabilty to which there is practically no limit.''

*Frank H. Lee* and *H. L. Shannon* for respondent.

No brief by respondent.—Reporter.

STURGIS, P. J.—This suit is against the Director-General of Railroads in control of the Missouri, Kansas & Texas Railroad and we will speak of that railroad as defendant. By his petition plaintiff alleges that he delivered to the defendant a certain trunk and its contents to be transported as his personal baggage from Joplin, Missouri, to Wichita Falls, Texas, and that defendant accepted same by issuing a check therefor; that defendant failed to transport or deliver same to him at Wichita Falls or elsewhere but on the contrary delivered same to some person at Joplin whereby plaintiff lost his trunk and contents. The evidence proves these facts and more particularly that plaintiff purchased a ticket and became a passenger on one of defendant's trains from Joplin to Wichita Falls and that this trunk was presented by him and checked in the usual way as his personal baggage without any further charge; that the

person to whom the trunk was delivered at Joplin was a United States officer connected with the Internal Revenue Service and the delivery to him was more in the nature of a seizure of same on his discovery that the trunk contained, in addition to plaintiff's clothing and other proper personal baggage, eight quarts of whiskey. The suit was commenced in a justice court and the defenses are gathered from the evidence instead of any pleading. The case reached the circuit court on appeal and was there tried by a special judge without a jury resulting in a judgment for plaintiff.

The defendant showed at least two good reasons why it could not be held for failure to transport and deliver at destination the trunk containing the whiskey. The plaintiff did not disclose to defendant's agent checking this trunk that same contained whiskey and this was discovered by the revenue officer opening up the trunk in defendant's baggage room a short time before the train left on which plaintiff and his trunk were to be carried. Defendant's agent was not acquainted with plaintiff and neither he nor the revenue officer had any means of ascertaining to what particular passenger this trunk belonged. The shipment of this trunk containing whiskey from Missouri to Texas would have been in plain violation of section 240 of the United States Criminal Code (10 U. S. Comp. Stat., 1916, sec. 10410, p. 12852) which provides that, "Whoever shall knowingly ship, or cause to be shipped, from one State . . . into any other State . . . any package of or package containing any spirituous . . . or other intoxicating liquor of any kind, unless such package be so labeled on the outside cover so as to substantially show the name of the consignee, the nature of its contents and the quantity contained therein, shall be fined not more than five hundred dollars; and *such liquor shall be forfeited to the United States,* and may be seized and condemned by legal proceedings as provided by law in the seizure and forfeiture of property imported into the United States contrary to law." This trunk was not labeled on the outside so as to show the consig-

nee or that it contained intoxicating liquors in any quantity and on discovering that fact defendant properly refused to transport the same. [10 C. J. 282; Rosenberger v. Express Co., 258 Mo. 97, 167 S. W. 429; Harvest King Distilling Co. v. American Express Co., 192 Mo. App. 172, 179 S. W. 797.] The trial court took this view of the case and declared the law to be that plaintiff could not secretly use this checked trunk as a means of transporting whiskey into the State of Texas.

The defendant was also excused from transporting this trunk containing whiskey as baggage because defendant's tariff on file with the Interstate Commerce Commission defines what articles may be carried as personal baggage and clearly whiskey is not one of the articles that may be so carried. The defendant in checking his trunk could rely on the implied representation that the trunk contained only what could go as proper baggage and on discovering the fraud its contract to transport is not binding. [Brick v. Railroad, (N. C.) 58 S. E. 1073.] This is too obvious to require further citation and the trial court recognized this to be the law.

Whether or not Wichita Falls was in "dry territory" so as to make it unlawful to transport intoxicants from another State thereto and making this shipment a violation of section 8739, U. S. Complied Statutes, 1916, p. 5938, we need not determine in view of the at least doubtful validity of the Statewide Prohibition Law of Texas put in evidence by defendant. [See Venn v. State, 210 S. W. 434; White v. State, 210 S. W. 200.] This would only add one more reason excusing defendant's failure to transport and deliver the trunk and its contents in Texas and one valid defense along this line is a good as a dozen.

The trial court also declared the law to be that if the trunk contained whiskey and was checked for transportation as an interstate shipment then the *seizure of the whiskey* by the U. S. Revenue Officer and *its* confiscation by him was a proper and lawful act. This we think is correct, at least so far as the seizure is concern-

ed, in view of section 240, U. S. Criminal Code above quoted and which prohibits anyone from shipping or causing to be shipped from one State to another any "package of or package containing" intoxicants in a disguised or secret manner and which further declares that "such *liquors* shall be forfeited to the United States and may be seized, etc." Whether such liquor could be confiscated without first being condemned by legal proceedings makes no difference here since defendant had nothing to do with the destruction of the liquor after its seizure. The lawful seizure of the liquor destroys defendant's liability therefor though its destruction was without authority of law. [Danciger v. Railroad, (Mo.) 212 S. W. 5, 7.]

The trial court very properly did not allow plaintiff any damages for the loss of his whiskey but allowed damage for the loss of the trunk and its other contents consisting of wearing apparel and which was proper and lawful baggage. As to this, the whiskey could readily have been removed from the trunk and its other contents. It was so removed in fact and destroyed and the officer then confiscated and converted to his own use the trunk and its entire contents. The same was held at the defendant's depot only a day and was then taken to a private house and after being kept there some time was again removed no one knows where. This it seems to us was unlawful and is not justified by the United States statute above quoted and which did justify the seizure of the whiskey. We are not now concerned with any incidental damage or detention of the trunk and its contents made necessary or proper by the seizure of the liquor therein. We also reject as without substantial foundation the suggestion that the officer was properly holding the trunk and contents to be used as evidence in a criminal prosecution.

Granting that defendant is not liable for the unlawful acts of the government officer done against its will, yet such officer at once indicated an intention to seize and confiscate not only the whiskey but the trunk and wearing apparel therein, when there was no reason for

so doing. In fact defendant's agent testified that on other occasions such officers had taken baggage in this manner and "when they found anything, they taken the whole thing;" that he had been instructed to take a receipt and "just so you took a receipt that was all that was required." This court in Liquor Co. v. Railroad, 182 Mo. App. 1, 8, 167 S. W. 631, held that in order for the act of an officer in taking property from the possession and control of a carrier to be a complete defense against liability of such carrier the officer must have had authority to do so. That portion of our opinion has not been questioned so far as we know and the authorities there cited support such holding. See 6 C. J. 1142, where it is said that a bailee is liable where he surrenders the property to an officer who does not hold a proper warrant."

As to the degree of care which defendant was bound to exercise to preserve for the owner the trunk and its contents, other than the whiskey, after it had discovered that the whiskey therein rendered the trunk improper baggage, the trial court held that the defendant was liable only as a gratuitous bailee and could be held responsible only for gross negligence in handling and dealing with the trunk and its contents. This was certainly favorable enough to defendant and plaintiff boldly says that he is asking a recovery solely on the ground that defendant failed to exercise that degree of care with reference to this property imposed on a gratuitous bailee. This, we think, was properly a question for the trier of the facts as to which the burden of proof was on defendant. [Danciger v. Railroad, 212 S. W. 5, 8.] There is evidence here of connivance if not actual assistance of the baggage agent in taking and converting this property by the United States officer. While the defendant may not be responsible for the acts of the agent in having the trunk and contents removed to and cared for at the agent's private residence, such fact does raise an inference that such agent was ready and willing to assist rather than hinder the United States officer in taking and confiscating this property.

. As to the amount and measure of damages the trial court is in error. It is provided in defendant's tariff on file with the Interstate Commerce Commission, which became a part of the baggage contract, that defendant would not be liable in excess of $100, which amount became the agreed valuation of the baggage checked unless a larger valuation was declared and paid for by the passenger. It was solely under this contract that defendant came into possession of the trunk and contents and incurred any liability therefor. Had plaintiff not placed the whiskey therein the defendant's liability in case of conversion, loss or any act of commission or omission causing plaintiff damage, would not have exceeded $100. The validity of the contract limiting the liability to $100 is not questioned. Could plaintiff by wrongfully and secretly placing therein an article not lawful baggage or one forbidden by law to be transported at all, increase defendant's liability to an indefinite extent? Had plaintiff lost the trunk and contents in the manner he did, that is, by a wrongful taking of same by a third party through defendant's negligence, he could have recovered no more than $100; but by his wrong in placing the whiskey therein he gets a much larger amount. This is not reasonable. A defendant carrier may well take advantage of plaintiff's wrong in trying to ship as baggage an article not such, or one forbidden to be transported, and claim that thereby it is relieved of the responsibility and degree of care attaching to a carrier of baggage, but plaintiff cannot reap an advantage arising from his own wrong. Plaintiff's agreement as to value and the amount of liability in case of loss, by which he induced defendant to accept his trunk and whereby any liability whatever attached, remained in force notwithstanding plaintiff's wrong may have changed the degree of care or other incidents of defendant's liability. Neither party has cited any authority on this proposition and we know of none. We decide it, therefore, in the light of legal reasoning as seems just and right.

This error may be corrected in this court by remitting the sum of $75.95, reducing the amount of the judgment to $100. If plaintiff will file such remitter in this court within ten days the judgment will be affirmed in that amount; otherwise it will be reversed and remanded.

*Farrington* and *Bradley, JJ.,* concur.